1  MERRIAM LAW FIRM, P.C.
     Ted Merriam
2    Kevin Planegger
     *Pro hac vice applications pending*
3  1625 Broadway, Suite 770
   Denver, CO  80202
4  Telephone: (303) 592-5404
   Facsimile: (303) 592-5439
5  tmerriam@taxlaw2848.com

6  LATHAM & WATKINS LLP
     Steven M. Bauer (Bar No. 135067)
7    Margaret A. Tough (Bar No. 218056)
   505 Montgomery Street, Suite 2000
8  San Francisco, California  94111-6538
   Telephone:  415.391.0600
9  Facsimile:  415.395.8095
   *steven.bauer@lw.com*
10 *margaret.tough@lw.com*

11 Attorneys for Plaintiff
   JOHN LARSON
12

13                UNITED STATES DISTRICT COURT

14                NORTHERN DISTRICT OF CALIFORNIA

15

| 16 | JOHN LARSON, | CASE NO. 4:11-cv-03093-DMR |
|---|---|---|
| 17 | Plaintiff, | **NOTICE OF 20 DAY STATUTORY DEADLINE FOR COURT TO MAKE DETERMINATION IN THIS CASE** |
| 18 | v. | |
| 19 | UNITED STATES OF AMERICA, | |
| 20 | Defendant. | |

1    Plaintiff John Larson respectfully provides notice to the Court of the statutory 2 time constraints in this case that require a determination within 20 days after the proceeding is 3 commenced. Plaintiff respectfully states as follows:

4    1. Plaintiff timely filed his Compliant (Document #1) on June 23, 2011.

5    2. As set forth in paragraph 1 of the Complaint, this is a civil action filed pursuant 6 to 26 U.S.C. § 7429(b) for a summary review of a jeopardy assessment and a jeopardy levy made 7 against Plaintiff by the Internal Revenue Service ("IRS") on February 7 and 8, 2011.

8    3. The primary consequence of a jeopardy assessment of income taxes is that the 9 IRS may immediately proceed to seize property of the taxpayer without any prior administrative 10 and/or judicial rights to challenge the amount of the alleged liability or the appropriateness of the 11 collection action.

12    4. Congress recognized that an inappropriate jeopardy assessment (and levy) 13 could cause the taxpayer undue hardship. Accordingly, Congress enacted 26 U.S.C. § 7429 to 14 provide an expedited judicial review of such assessment actions. S. Rep. No. 94-938, 94th Cong., 15 2d Sess.

16    5. According to the statute, this Court is required to determine, within 20 days 17 after commencement of this proceeding, whether or not the making of the assessment was 18 reasonable under the circumstances, whether or not the levy was reasonable under the 19 circumstances, and whether or not the amount of the assessment was appropriate under the 20 circumstances. 26 U.S.C. § 7429(b)(3). The government bears the burden of demonstrating that 21 the jeopardy assessment and levy were reasonable.

22    6. On June 27, 2011, the Court issued a Scheduling Order that set a Status 23 Conference for October 19, 2011. Document # 2. By setting the conference in approximately 24 four months' time, Plaintiff surmises that the Court may not be aware of the extraordinary time 25 constraints set forth in 26 U.S.C. § 7429(b).

26    7. Plaintiff respectfully submits that the Status Conference, if any, should be 27 rescheduled, and a schedule for an expedited decision should be established to correspond with 28 the statutory time constraints in this type of action. Plaintiff is ready to answer any further

1 | questions that the Court may have.
2 |
3 | Dated:  June 29, 2011                              Respectfully submitted,
4 |                                                                        LATHAM & WATKINS LLP
  |                                                                            Steven M. Bauer
5 |                                                                            Margaret A. Tough
6 |
7 |                                                                    By _____/s/_____
  |                                                                            Margaret A. Tough
8 |                                                                            Attorneys for Plaintiff
  |                                                                            John Larson
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**PROOF OF SERVICE**

       I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action.  My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA  94111-6538.

       On **June 29, 2011**, I served the following document described as:

**NOTICE OF 20 DAY STATUTORY DEADLINE FOR COURT TO MAKE DETERMINATION OF THIS CASE**

by serving a true copy of the above-described document in the following manner:

**BY U.S. MAIL**

       I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.  Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid.  I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Melinda Haag
United States Attorney, Northern District of California
Federal Courthouse
P.O. Box 36055
450 Golden Gate Avenue, 11th Floor
San Francisco, CA  94102

       I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed on **June 29, 2011**, at San Francisco, California.

                                           s/

                                      Jennifer A. Kolin