# EXHIBIT B

**Department of the Treasury**
**Internal Revenue Service**
915-2nd Ave M/S W140
Seattle, WA 98174

John M. Larson

████████████████████

New York, New York 10013-3478

**Date:** APR 0 4 2011

**Form Number:**
1040

**Taxpayer Identifying Number:**
████ 2112

**Tax Year Ended:**
1998, 1999, 2000, 2001

**Person to Contact:**
Notices Clerk

**Employee Identification Number:**
N/A

**Contact Telephone Number:**
206-220-5955

**Last Day to File a Petition With the**
**United States Tax Court:**

JUL 0 3 2011

**CERTIFIED MAIL**

| Taxable Year Ended | Deficiency | Additions to the Tax - IRC Section | |
|---|---|---|---|
| | | IRC 6663 | IRC 6662 |
| December 31, 1998 | $1,892,369.00 | | $378,473.80 |
| December 31, 1999 | $6,867,653.00 | $5,150,739.75 | |
| December 31, 2000 | $2,431,749.00 | $1,823,811.75 | |
| December 31, 2001 | $1,253,344.00 | $940,008.00 | |

Dear John M. Larson,

This letter is to notify you as required by law, that we have determined the deficiencies in tax shown above. We have enclosed a statement explaining how we figured them. An partial assessment has been made with respect to these deficiencies as shown on the attached schedule. Assessments were made under the Internal Revenue laws that apply to jeopardy assessments.

If you do not agree with our determination, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. You can get a copy of the rules for filing a petition and a petition form you can use by writing to the Clerk of the Tax Court at the address below.

United States Tax Court, 400 Second Street, NW, Washington, DC 20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for **each** tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's website at www.ustaxcourt.gov.

**Letter 531-J (10-2009)**
Catalog Number 51826E

Send the completed petition, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address. The Court cannot consider your case if the petition is filed late. The petition is considered timely filed if the postmark date by the United States Postal Service or by a designated private carrier falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage. For a list of designated private carriers available for domestic and international mailings, see the Tax Court Website (www.ustaxcourt.gov).

The time you have to file a petition with the court is set by law and cannot be extended or suspended. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS will not change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives. If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition. If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

If you decide not to file a petition with the Tax Court within the time limit, we will complete the processing of your case after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Important Note:** If you are a "C" corporation, the law requires us to charge you an interest rate that is two percent higher than the normal rate on deficiencies of $100,000 or more.

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the first page of this letter. If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account. Keep the original letter for your records. If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you.

The contact person can access your tax information and help you get answers. You also have the right to contact the office of the Taxpayer Advocate. Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals process. The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U.S. Tax Court. The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling. If you want Taxpayer Advocate assistance, please contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency. See the enclosed Notice 1214, *Helpful Contacts for Your "Notice of Deficiency,"* for Taxpayer Advocate telephone numbers and addresses.

Thank you for your cooperation.

Sincerely,

Douglas H. Shulman
Commissioner
By
John W. Joseph
Technical Services Territory Manager

Enclosures:
Explanation of tax changes
Notice of Deficiency Statement
Notice 1214

**Letter 531-J (10-2009)**
Catalog Number 51826E

CONTINUATION SHEET

NAME: John M. Larson

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.

APR 0 4 2011

John M. Larson ▮▮▮▮ 2112

## Schedule of Assessments

| | 12/31/1998 | 12/31/1999 | 12/31/2000 | 12/31/2001 |
|---|---|---|---|---|
| Jeopardy Assessment | $1,755,379.00 | $5,814,159.00 | $2,161,275.00 | $1,250,626.00 |
| Deficiency | $1,892,369.00 | $6,867,653.00 | $2,431,749.00 | $1,253,344.00 |
| To Be Assessed | $136,990.00 | $1,053,494.00 | $270,474.00 | $2,718.00 |
| Fraud Penalty IRC 6663 | | $5,150,739.75 | $1,823,811.75 | $940,008.00 |
| Accuracy Penalty IRC 6662 | $378,473.80 | | | |

APR 0 4 2011

| Form **4089-B**<br>(October 1999) | Department of the Treasury — Internal Revenue Service<br><br>**Notice of Deficiency-Waiver** | Symbols<br>Notices: MSW140 |
|---|---|---|

| Name and address of taxpayer(s)<br><br>John M. Larson<br><br>New York, New York 10013-3478 | Social Security or Employer Identification Number<br><br>2112 |
|---|---|

| Kind of tax<br><br>Income | ☐ Copy to authorized representative |
|---|---|

### DEFICIENCY — Increase in Tax and Penalties

| Tax Year | December 31, 1998 | December 31, 1999 | December 31, 2000 | December 31, 2001 |
|---|---|---|---|---|
| Jeopardy Assesment: | $1,755,379.00 | $5,814,159.00 | $2,161,275.00 | $1,250,626.00 |
| Deficiency : | $1,892,369.00 | $6,867,653.00 | $2,431,749.00 | $1,253,344.00 |
| To Be Assessed: | $136,990.00 | $1,053,494.00 | $270,474.00 | $2,718.00 |
| Fraud Penalty:<br>IRC 6663 | | $5,150,739.75 | $1,823,811.75 | $940,008.00 |
| Accuracy Penalty:<br>IRC 6662 | $378,473.80 | | | |

#### See the attached explanation for the above deficiencies

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| **Your Signature** | ► _____ | |
|---|---|---|
| | | *(Date signed)* |
| **Spouse's Signature**<br>**(If A Joint Return**<br>**Was Filed)** | ► _____ | |
| | | *(Date signed)* |
| **Taxpayer's**<br>**Representative**<br>**Sign Here** | ► _____ | |
| | | *(Date signed)* |
| **Corporate Name** | ► _____ | |
| **Corporate Officers**<br>**Sign Here** | ► _____<br>*(Signature)* | *(Title)* _____ *(Date signed)* |
| | ► _____<br>*(Signature)* | *(Title)* _____ *(Date signed)* |

**If you agree, please sign one copy and return it; keep the other copy for your records.**

| Cat. No. 29000E | www.irs.gov | Form **4089-B** (10-1999) |
|---|---|---|

# Instructions for Form 4089 B

**Note:**

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**Optional Paragraphs**

A check in the block to the left of a paragraph below indicates that the paragraph applies to your situation.

☐ The amount shown as the deficiency may not be billed, since all or part of the refund due has been held to offset all or a portion of the amount of the deficiency. The amount that will be billed, if any, is shown on the attached examination report.

☐ The amount shown as a deficiency may not be billed, since the refund due will be reduced by the amount of the deficiency. The net refund due is shown on the attached examination report.

**Internal Revenue Service**
915-2nd Ave. M/S W140
Seattle, WA 98174

**Department of the Treasury**

Taxpayer Name: John M. Larson

Date: **APR 0 4 2011**

Ted Merriam

Denver, CO 80202

Taxpayer Identification Number:
▮▮▮▮-2112
Form Number: 1040

Years: 1998, 1999, 2000, 2001

Person to Contact/ID Number:
   Notices Clerk

Contact Telephone Number:
   206-220-5955
Contact FAX Number:
   206-220- 5691

Dear Ted Merriam,

We are sending the enclosed material under the provisions of
your power of attorney or other authorization we have on file.
For your convenience, we have listed the name of the taxpayer
to whom this material relates in the heading above.

If you have any questions, please call the contact the person
at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

John W. Joseph
Technical Services Territory Manager

Enclosures:
 ( X) Letter 531-J
 (X)  Report

Letter 937 (Rev. 11-2006)
Catalog Number 30760X

| Form **4549-A** (Rev. May 2008) | Department of the Treasury-Internal Revenue Service **Income Tax Discrepancy Adjustments** | | | Page __1__ of __4__ |
|---|---|---|---|---|

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: |
|---|---|---|---|
| John M. Larson<br><br>New York, New York 10013-3478 | ████ 2112 | | 1040 |
| | Person with whom examination changes were discussed. | **Name and Title:** John M. Larson | |

| **1. Adjustments to Income** | **Period End** 12/31/1998 | **Period End** 12/31/1999 | **Period End** 12/31/2000 |
|---|---|---|---|
| a. Presidio Advisors LLC Flow-through Ordinary Income | 345,935.00 | | |
| b. Ordinary Dividends | 36,370.00 | | |
| c. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 3,450,170.00 | 8,915,329.00 | |
| d. Capital Gain or Loss | 922,064.00 | 8,736,866.00 | 2,114,443.00 |
| e. Itemized Deductions | 24,172.00 | 151,900.00 | 106,137.00 |
| f. Sch E Partnership "SIF" Flow-thru | | 1,124,749.00 | 683,016.00 |
| g. Other Income | | 2,275,000.00 | |
| h. S Corporation Flow-Thru Income | | | 4,265,220.00 |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| **2. Total Adjustments** | 4,778,711.00 | 21,203,844.00 | 7,168,816.00 |
| 3. Taxable Income Per Return or as Previously Adjusted | 1,199,795.00 | 777,445.00 | 4,420,215.00 |
| **4. Corrected Taxable Income** | 5,978,506.00 | 21,981,289.00 | 11,589,031.00 |
|     Tax Method | SCHEDULE D | SCHEDULE D | SCHEDULE D |
|     Filing Status | Single | Single | Single |
| **5. Tax** | 2,345,046.00 | 7,153,594.00 | 4,159,825.00 |
| 6. **Additional Taxes / Alternative Minimum** | | | |
| 7. Corrected Tax Liability | 2,345,046.00 | 7,153,594.00 | 4,159,825.00 |
| 8. **Less**   a. Foreign Tax Credit<br>   **Credits**   b.<br>         c.<br>         d. | | 201.00 | 273.00 |
| 9. **Balance** *(Line 7 less total of Lines 8a thru 8d)* | 2,345,046.00 | 7,153,393.00 | 4,159,552.00 |
| 10. Plus   a.<br>    Other  b.<br>    Taxes  c.<br>         d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 2,345,046.00 | 7,153,393.00 | 4,159,552.00 |
| 12. Total Tax Shown on Return or as Previously Adjusted | 452,677.00 | 285,740.00 | 1,727,803.00 |
| 13. Adjustments to: a.<br>             b.<br>             c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 1,892,369.00 | 6,867,653.00 | 2,431,749.00 |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| **16.** **Balance Due or *(Overpayment)* -** *(Line 14 adjusted by Line 15)* *(Excluding interest and penalties)* | 1,892,369.00 | 6,867,653.00 | 2,431,749.00 |

Catalog Number 23110T          www.irs.gov          Form **4549-A** (Rev. 5-2008)

| Form **4549-A** (Rev. May 2008) | Department of the Treasury-Internal Revenue Service **Income Tax Discrepancy Adjustments** | | Page 2 of 4 |
|---|---|---|---|

| Name of Taxpayer John M. Larson | Taxpayer Identification Number -2112 | Return Form No.: 1040 |
|---|---|---|

| 17. Penalties/ Code Sections | Period End 12/31/1998 | Period End 12/31/1999 | Period End 12/31/2000 |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 378,473.80 | | |
| b. Fraud-IRC 6663 | | 5,150,739.75 | 1,823,811.75 |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 378,473.80 | 5,150,739.75 | 1,823,811.75 |
| Underpayment attributable to negligence: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: *(1981-1987)* A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*. Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | 0.00 | 0.00 |

**19. Summary of Taxes, Penalties and Interest:**

| | | | |
|---|---|---|---|
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | 1,892,369.00 | 6,867,653.00 | 2,431,749.00 |
| b. Penalties *(Line 18)* - computed to 03/31/2011 | 378,473.80 | 5,150,739.75 | 1,823,811.75 |
| c. Interest *(IRC § 6601)* - computed to 12/31/2009 | 0.00 | 0.00 | 0.00 |
| d. TMT Interest - computed to 12/31/2009 *(on TMT underpayment)* | 0.00 | 0.00 | 0.00 |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | 2,270,842.80 | 12,018,392.75 | 4,255,560.75 |

**Other Information:**

| Examiner's Signature: Name | Employee ID: | Office: | Date: |
|---|---|---|---|
| Sheryl Lafferty | 1000843138 | Portland, Oregon | 03/31/2011 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Form **4549-A** (Rev. May 2008) | Department of the Treasury-Internal Revenue Service **Income Tax Discrepancy Adjustments** | | Page 3 of 4 |
|---|---|---|---|

| Name and Address of Taxpayer | Taxpayer Identification Number 2112 | | Return Form No.: 1040 |
|---|---|---|---|
| John M. Larson<br><br>New York, New York 10013-3478 | Person with whom examination changes were discussed. | **Name and Title:** John M. Larson | |

| 1. **Adjustments to Income** | **Period End** 12/31/2001 | **Period End** | **Period End** |
|---|---|---|---|
| a. Sch. E Octavia Capital Flow-through | 6,750.00 | | |
| b. S Corporation Flow-Thru Income | 2,790,737.00 | | |
| c. Capital Gain or Loss | 598,456.00 | | |
| d. Itemized Deductions | 101,879.00 | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. **Total Adjustments** | 3,497,822.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 5,562,620.00 | | |
| 4. **Corrected Taxable Income** | 9,060,442.00 | | |
|     Tax Method | SCHEDULE D | | |
|     Filing Status | Single | | |
| 5. **Tax** | 3,297,600.00 | | |
| 6. **Additional Taxes / Alternative Minimum** | | | |
| 7. Corrected Tax Liability | 3,297,600.00 | | |
| 8. **Less**   a. Foreign Tax Credit | 234.00 | | |
|    **Credits**   b. | | | |
|          c. | | | |
|          d. | | | |
| 9. **Balance** *(Line 7 less total of Lines 8a thru 8d)* | 3,297,366.00 | | |
| 10. **Plus**   a. Self Employment Tax | 118,750.00 | | |
|    Other   b. | | | |
|    Taxes   c. | | | |
|          d. | | | |
| 11. Total Corrected Tax Liability *(Line 9 plus Lines 10a thru 10d)* | 3,416,116.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 2,162,772.00 | | |
| 13. Adjustments to: a. | | | |
|               b. | | | |
|               c. | | | |
| 14. Deficiency-Increase in Tax or *(Overassessment - Decrease in Tax)* *(Line 11 less Line 12 adjusted by Lines 13a through 13c)* | 1,253,344.00 | | |
| 15. Adjustments to Prepayment Credits-Increase *(Decrease)* | | | |
| 16. **Balance Due or (Overpayment)** - *(Line 14 adjusted by Line 15)* *(Excluding interest and penalties)* | 1,253,344.00 | | |

Catalog Number 23110T         www.irs.gov         Form **4549-A** (Rev. 5-2008)

| Form **4549-A**<br>(Rev. May 2008) | Department of the Treasury-Internal Revenue Service<br>**Income Tax Discrepancy Adjustments** | | Page____4____ of ____4____ |
|---|---|---|---|

| Name of Taxpayer<br>John M. Larson | Taxpayer Identification Number<br>▮▮-2112 | Return Form No.:<br>1040 |
|---|---|---|

| 17. Penalties/ Code Sections | Period End<br>12/31/2001 | Period End | Period End |
|---|---|---|---|
| a. Fraud-IRC 6663 | 940,008.00 | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| 18. Total Penalties | 940,008.00 | | |
| Underpayment attributable to negligence: *(1981-1987)*<br>A tax addition of 50 percent of the interest due on the<br>underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: *(1981-1987)*<br>A tax addition of 50 percent of the interest due on the<br>underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions *(TMT)*.<br>Interest will accrue and be assessed at 120% of underpayment<br>rate in accordance with IRC 6621(c). | 0.00 | | |

**19. Summary of Taxes, Penalties and Interest:**

| | | | |
|---|---|---|---|
| a. Balance due or *(Overpayment)* Taxes - *(Line 16, Page 1)* | 1,253,344.00 | | |
| b. Penalties *(Line 18)* - computed to 03/31/2011 | 940,008.00 | | |
| c. Interest *(IRC § 6601)* - computed to 12/31/2009 | 0.00 | | |
| d. TMT Interest - computed to    12/31/2009    *(on TMT underpayment)* | 0.00 | | |
| e. Amount due or refund - *(sum of Lines a, b, c and d)* | 2,193,352.00 | | |

**Other Information:**

| Examiner's Signature:<br>Name | Employee ID: | Office: | Date: |
|---|---|---|---|
| Sheryl Lafferty | 1000843138 | Portland, Oregon | 03/31/2011 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding *(withholding of a percentage of your dividend and/or interest payments)* if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Catalog Number 23110T | www.irs.gov | Form **4549-A** (Rev. 5-2008) |
|---|---|---|

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1998** |

### 1.a. Presidio Advisors LLC Flow-through Ordinary Income

|  | 1998 |
|---|---|
| Per Return | $0.00 |
| Per Audit | $345,935.00 |
| Adjustment | $345,935.00 |

We adjusted your return to include your distributive share of partnership ordinary income from Presidio Advisors LLC, a partnership in which you are a partner.

It is determined that Presidio Advisors understated its gross receipts for the period ending December 31, 1998, by the amount of $10,644,471. It has been determined that Presidio Advisors improperly reduced its gross receipts by claiming a loss on the sale of equipment. The basis it claimed in the equipment was $11,881,813. It is determined that the loss for the taxable year from the sale of equipment is disallowed.

The bases for our determination are as follows:

(1)    Presidio Advisors has not established that its basis in the equipment sold exceeded the amount realized on the sale of the equipment.

(2)    Presidio Advisors has not established its entitlement to the loss claimed under I.R.C. § 165.

(3)    The transactions giving rise to the claimed loss are not respected for federal income tax purposes because they lack economic substance or have no bona fide business purpose.

(4)    In addition, the substance of the underlying transaction, as opposed to the form, does not entitle you to the claimed loss.

All partnership items of the taxpayer's shall be treated as nonpartnership items under Treas. Reg. § 301.6231(c)-4T.

### 1. b.  Ordinary Dividends - S Corporation Flow-Thru Dividends – Prevad, Inc

|  | 1998 |
|---|---|
| Per Return | $16,542.00 |
| Per Audit | $52,912.00 |
| Adjustment | $ 36,370.00 |

It is determined that you have the flow-through dividend income from the S-Corporation, Prevad, Inc. as shown above.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1998** |

**1. c. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve- Prevad, Inc.**

|  | 1998 |
|---|---|
| Per Return | $ 0.00 |
| Per Audit | $3,450,170.00 |
| Adjustment | $ 3,450,170.00 |

It is determined that you have the flow-through ordinary income from the S-Corporation, Prevad, Inc. as shown above.

**1.d. Capital Gain or Loss**

|  | 1998 |
|---|---|
| Per Return | $4,473.00 |
| Per Audit | $926,537.00 |
| Adjustment | $ 922,064.00 |

It is determined that you have failed to report the short term capital gain recognized from the sale of Torpre Inc. stock of $461,586. It is determined that you incorrectly determined your basis in Torpre stock. As a result of the decrease in the basis of JL Investment Trust ("Trust") in the Torpre stock the sale of the stock generates a short term capital gain of $461,586, as opposed to the short term capital loss of $2,613,000, as originally claimed by the Trust. The basis claimed by the Trust in the Torpre stock was derived from a series of steps similar to the transaction in Notice 2000-44. Because the originally claimed loss is not available to offset the trust's, and, thus, your net short term gain from partnerships, S corporations, and other estates or trusts in the amount of $460,478, the trust's taxable income, and your taxable income, increases by an equivalent amount. Thus the adjustment for Capital Gain or Loss is $922,064.00 (i.e. $461,586 + $460,478).

A.      The deduction of $2,613,003 claimed on the Form 1041 of the Trust as a loss, and which purportedly flowed through to your return, Form 1040, from the sale of Torpre stock is disallowed because you have failed to establish:

(1) that the purported loss was sustained in any amount by you,

(2) that the transaction purportedly generating the loss in question was entered into for profit within the meaning of I.R.C. §165(c)(2),  or

(3) that any portion of the loss in question is allowable as a deduction under any other provision of the Internal Revenue Code.

B.      You have also failed to establish that, even if a loss was sustained and would otherwise be deductible, any deduction relating to the loss is not specifically limited or disallowed by any provision of the Internal Revenue Code, including without limitation I.R.C. §§ 162, 165, 183, 212, 351, 704(d), or 465.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1998** |

C.      It is further determined that to the extent the loss in question is attributable to an investment in a short sale obligation, the loss is disallowed because the transaction was entered into for purposes of tax avoidance. The transactions giving rise to the loss, including (a) the formation of Prestop Holdings LLC, (b) the Trust's acquisition of an interest in Prestop Holdings LLC, (c) the opening of the short sale, (d) the assignment of the short sale proceeds to the limited liability company, (e) the subsequent assignment of the Trust's interest in Prestop to Torpre as an additional member of the limited liability company, and (f) the sale of your interest in the Torpre stock, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes.  As such, any loss incurred in connection with the transactions in question are not deductible.

D.      It is further determined that the loss is disallowed because Prestop, whose basis was used to determine the basis in the Torpre stock sold, is a sham and should not be recognized for federal income tax purposes.

E.      It is further determined that the loss of $2,613,000 purportedly recognized in the year 1998 is disallowed because you have failed to establish the basis in the limited liability company was greater than zero.  You have also failed to establish the basis in the stock sold or disposed of was greater than zero ($0) for purposes of determining the amount of the purported loss under §165(b).

F.      It is further determined that the loss is disallowed to the extent that the provisions of Chapter 1, Subchapter K of the Internal Revenue Code were used to calculate basis in the stock sold. Prestop Holdings LLC was formed or availed of in connection with a transaction or transactions in taxable year 1998 a principal purpose of which was to reduce substantially the present value of your federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. The manner in which you and Prestop Holdings LLC accounted for the short sale obligation in question violated the intent of Subchapter K. Accordingly, the parties' accounting for the transaction should be adjusted, pursuant to the authority contained in Treas. Reg. § 1.701-2, to achieve results that are consistent with the intent of subchapter K by ignoring the existence of the partnership, or treating transactions purportedly engaged in by the partnership as engaged in directly by the purported partners.

G.      It is further determined, in the alternative, that the loss should be decreased to limit any loss incurred by you and the partnership in connection with the option transaction to the amount actually at risk in the transaction, pursuant to Internal Revenue Code § 465(b)(4).

H.      It is further determined, in the alternative, that the loss claimed should be decreased to reflect the fact that the amount invested in the option transaction purportedly generating the losses claimed represents a single, unitary investment in a single option position rather than a net investment in the same amount in offsetting option positions.

All partnership items of the taxpayer's shall be treated as nonpartnership items under Treas. Reg. § 301.6231(c)-4T.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| Name of Taxpayer<br>John M. Larson | | Year/Period<br>Ended 1998 |

## 1e. Itemized Deductions

|  | 1998 |
|---|---|
| Per Return | $38,569.00 |
| Per Audit | $14,397.00 |
| Adjustment | $24,172.00 |

A statutory adjustment is being made to reduce your itemized deductions due to the increase in AGI for 1998.

## 17. Penalties/Code Sections
### a. Accuracy-Related Penalty IRC 6662

|  | 1998 |
|---|---|
| Per Audit | $378,473.80 |

You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you were negligent (or disregarded rules and regulations) and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to negligence (or disregard of rules or regulations).

**Alternative Penalty:**
If negligence is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you had an underpayment attributable to substantial understatement of income tax and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to the substantial understatement of income tax.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

### 1. c. Sch -Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve - Income from Morley, Inc.

|  | 1999 |
|---|---|
| Per Return | $0.00 |
| Per Audit | $8,915,329.00 |
| Adjustment | $8,915,329.00 |

During the period ending 12/31/1999, Morley, Inc., a Subchapter S corporation in which you hold at least a 31.66% interest, reported Ordinary Income in the amount of $26,745,988. You claim that your stock in Morley, Inc., was issued in connection with the performance of services within the meaning of Reg. 1.83-3(b) and that the stock was allegedly subject to substantial restrictions. As a result, your shares were not treated as outstanding stock in accordance with Regulations section 1.1361-1(b)(3) and you failed to recognize your Distributive Share of Ordinary Income for the period ending 12/31/1999.

Your Distributive Share of Ordinary Income has been increased based upon the following:

The purported restrictions upon the stock were unnecessary and were not respected by the parties and therefore no deferral of Distributive Share is allowable. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $8,915,329.00 for the period ending 12/31/1999.

Alternatively, in accordance with Regulations section 1.1361-1(l)(4)(ii), the restrictions on the stock are disregarded because a principal purpose of the purported arrangement was to circumvent the rights to distribution proceeds properly conferred by the outstanding shares of stock. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $8,915,329.00 for the period ending 12/31/1999.

Alternatively, the entire arrangement, including (1) the allocation of income to Presidio Advisory Services LLC, (2) the alleged restrictions upon the stock of Morley, Inc., (3) the issuance of shares to the ESOP, (4) the subsequent removal of the restrictions upon the stock resulting in a deduction from your Distributive Share, was entered into primarily to reduce taxes, was a sham, and accordingly must be disregarded for income tax purposes. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $8,915,329.00 for the period ending 12/31/1999.

### 1.d. Capital Gain or Loss

|  | 1999 |
|---|---|
| Per Return | ($3,000.00) |
| Per Audit | $8,733,866.00 |
| Adjustment | $8,736,866.00 |

| Form 886A | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

| | | | |
|---|---|---|---|
| A. JL Investment Trust | (1,220,037) * | 932,488 | 2,152,525 |
| B. Presidio SIF Flow-thru | 0 | 6 | 6 |
| | | | |
| C. JL Capital Trust | (1,520,228) | 7,788,036 | 9,308,264 |
| Capital Gain Distribution | 13,336 | 13,336 | 0 |
| | | | |
| | | | |
| | | | |

Ref    JL Investment Trust-Detail
       Short Term Capital Loss

| | | Return | Audit |
|---|---|---|---|
| A. | 1998 Loss Carryover to 1999 | ($2,152,525.00) | $0.00 |
| | Gain on Sale of Stock | $475,000.00 | $475,000.00 |
| | Partnership/ 1120S Flow Through | $457,488.00 | $457,488.00 |
| | | ($1,220,037.00) * | $932,488.00 |

A. 1998 Loss Carryover to 1999:   Statutory adjustment is required since it has been determined that the short term loss carryover was $0.00 This is based upon the results of a examination of your 1998 tax return which resulted in your short term loss carryover being reduced to $0.00.  See explanation for adjustment 1.d Capital Gain or Loss for 1998.

B. We adjusted your return to include your share of partnership capital gain income from the Presidio Resources, LLC, a partnership in which you are a partner.

C.    JL Capital Trust
      Short Term Capital Loss

| | Sale of Prevad, Inc. Stock | Return | Audit |
|---|---|---|---|
| | | ($1,520,228.00) | $7,788,036.00 |

It has been determined that your claimed capital loss for the taxable year 1999, which flowed through to you from the Trust as a result of the Trust's sale of Prevad stock to Prevad Acquisition Company (PAC), is disallowed.  The bases for our determination reflected in 1.c. include:

Form    886-A(Rev.4-68) Department of the Treasury - Internal Revenue Service

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period<br>Ended 1999** |

1. It is determined that the transactions giving rise to the claimed loss are not respected for federal income tax purposes because they lack economic substance.

2. It is determined that you have not established that you are entitled to the loss claimed under the Internal Revenue Code and regulations thereunder, including but not limited to § 165 and § 465.

3. It is determined that the substance of the underlying transactions, as opposed to the form, does not entitle you to the claimed loss.

4. Alternatively, if the loss claimed is not disallowed under paragraphs 1 – 3 above, it is determined that you are not entitled to the loss because you have failed to establish that your basis in the Prevad stock exceeded the amount you realized from its disposition under IRC § 358.

5. To the extent you received consideration on the sale of Prevad, Inc. stock that was in excess of the stock's fair market value, it is determined that this excess consideration represents your receipt of income unrelated to sale of such stock.

6. Alternatively, if the claimed loss is not disallowed under paragraphs 1 – 3 above, and the Trust transferred its membership interests in Trust to Prevad in an § 351 exchange, it is determined that you are not entitled to the loss claimed because you failed to calculate correctly the Trust's basis in the Prevad stock that it received in the § 351 exchange. When properly calculated, the Trust did not realize a loss on its disposition of the Prevad stock. The bases for this determination include, but are not limited to, the following:

   a. Under § 358, the basis of the Prevad stock must be reduced by the amount of purported liabilities Prevad assumed in the purported § 351 transaction. The amount of the purported liabilities assumed by Prevad in the purported § 351 exchange is $21 million.    I.R.C. §§ 357(d), 358(d)(2), and 358(a)(1)(a)(ii).

   b. The issue price of the loan purportedly made by Rabo Bank to the Trust (Loan), in exchange for a note (Note) is $21 million as determined under Treas. Reg. § 1.1273-2, which determines the amount of the liability that Prevad assumed for purposes of § 358.

   c. If the amount of the liability assumed in the purported § 351 exchange is not $21 million under the other arguments discussed above, then under Treas. Reg. § 1.1275-6, the Commissioner may integrate the Loan and interest rate swap entered into with an affiliate of Rabo Bank into a loan with an issue price and principal amount of $21,000,000 and a variable rate of interest for all federal tax purposes. As a result, the amount of the liability created in the integrated transaction is $21,000,000. The Trust's basis of the Prevad stock must be reduced by this amount.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

D- It is determined that your Capital loss carryover has been reduced to $0.00.

### 1.e. Itemized Deductions

|  | 1999 |
|---|---|
| Per Return | $298,723.00 |
| Per Audit | $146,823.00 |
| Adjustment | $151,900.00 |

A statutory adjustment is being made to reduce your itemized deductions due to the increase in AGI for 1999.

### 1.f. Sch E Partnership "SIF" Flow-thru

|  | 1999 |
|---|---|
| Per Return | $0.00 |
| Per Exam | $1,124,749.00 |
| Adjustment | $1,124,749.00 |

1.      We adjusted your return to include your distributive share of ordinary income from Presidio Resources LLC, a partnership in which you are a partner. Presidio Resources was itself a partner in 93 entities, referred to as the "Strategic Investment Funds" or "SIF", a list of which is attached hereto.

2.      We determined that certain other deductions claimed by Presidio Resources are disallowed.

        A.      The other deductions claimed by Presidio Resources for expenses including but not limited to management fees, loan breakage fees, bank fees, guaranteed payments, state LLC fees, state taxes, and other administrative expenses are disallowed because they are treated as not having been incurred by the partnership.

        B.      The other deductions claimed are disallowed because even if they were incurred, they did not meet the requirements for a deduction under the Code, including, but not limited to, the requirements under I.R.C. §§ 162, 164, 165, 183, and 707.

        C.      Alternatively, if a deduction for a management fee or other administrative expenses are allowable, it is determined that the distributive share must be allocated to each member of the SIF in accordance with the Amended LLC agreement.

3.      We determined that investment interest expenses claimed by Presidio Resources are disallowed.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

      A.    The claimed interest expense on investment debts claimed by each SIF partnership are treated as not having been incurred by the partnership.

      B.    The claimed interest expense on investment debt is disallowed because it does not meet the requirements for a deduction under any Code provision, including I.R.C. §§ 162 and 163.

4.    Each SIF entered into a transaction that is substantially similar to the transaction described below. We are disallowing the claimed losses that flowed through to the taxpayer for each transaction for the reasons discussed below. Each transaction that the SIF entities entered into were substantially similar to each other, and each is substantially similar to the transaction identified in Notice 2000-44.

A.  It is determined that the Capital Loss for the taxable year from the sale of any stock that you received as a result of the liquidation of the interest owned by Pilchuck Ventures LLC, (hereinafter "The Venture") or any other investor, in Sill Strategic Investment Fund LLC (hereinafter "SIF LLC (Partnership)") or any other SIF, is disallowed because you overstated your basis in the assets sold.

B.  It is determined that cash distributions you received during the taxable year from the SIF LLC (Partnership), exceeded your basis. This results in a short-term capital gain.

C.  We have adjusted your flow-through net capital losses from the SIF LLC (Partnership).

D.  The bases for our determination reflected above are as follows.

     (i)    The purported loans made to the taxpayer and/or the Venture, and/or or one of the SIF entities, did not constitute a loan.

     (ii)    In the event the purported loan did constitute a loan, that loan was made to the SIF LLC (Partnership), and was not made to The Taxpayers and/or The Venture.

     (iii)    In the event the purported loan made by a bank to the taxpayer and/or The Venture, is deemed to constitute a loan made to The Taxpayers and/or The Venture, the amount of the loan includes the purported premium.

     (iv)    Under IRC Section 752, the total amount of cash you received from a bank constituted an IRC §752 liability to the extent that incurring that liability increased the basis to SIF LLC (Partnership) of any of SIF LLC (Partnership)'s assets (including cash attributable to the borrowing). Further the issue price of the note you issued determines the amount of the liability SIF LLC (Partnership) assumed for purposes of IRC Section 752.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

(v)   Alternatively, if the issue price of your note as assumed by SIF LLC (Partnership) is not deemed to be the amount of the liability, the note is deemed to be a contingent payment debt instrument within the meaning of section 1.1275-4 of the Treasury Regulations. Under section 1.1275-6 of those Regulations, the Commissioner has integrated the note and the interest rate swap. The resulting synthetic debt instrument had a principal amount equal to the sum of the stated principal amount of the note and the premium. That principal amount constituted the amount of the IRC Section 752 liability assumed by SIF LLC (Partnership) to the extent that incurring that liability created or increased the basis to SIF LLC (Partnership) of any of SIF LLC (Partnership)'s assets (including cash attributable to borrowings).

(vi)   Alternatively, under §1.752-6 of the Treasury Regulations, the Commissioner has determined that if the entire amount of the obligation (original principal plus the purported premium), including the amount of the stated premium arising in connection with the loan stated to have been made from The Bank to The Taxpayers and/or The Venture and assumed by SIF LLC (Partnership), is deemed not to constitute a liability to which IRC §§ 752(a) or (b) applies, that amount (or the remaining portion of that amount payable at any time) will be deemed a liability to which §1.752-6 of the Treasury Regulations applies, and, at the time of your withdrawal, through The Venture, from SIF LLC (Partnership), will have reduced your outside basis in SIF LLC (Partnership).

(vii)  If SIF LLC (Partnership) was a partnership subject to the rules contained in subchapter K of the IRC, the entire amount of the obligation, including the amount of the stated premium arising in connection with the loan stated to have been made from The Bank to The Taxpayers and/or The Venture and assumed by a SIF, constituted a partnership liability described in Section 752 of the IRC. The SIF's assumption of that liability constituted a deemed distribution under Code § 752 which reduced the relevant partner's outside basis in its partnership interest. The partner's basis was increased by its share of the SIF's assumed liabilities. When the relevant partner withdrew from the SIF, the amount of that withdrawing partner's share of those liabilities constituted a distribution of money, which decreased the withdrawing partner's basis in its interest in SIF LLC (Partnership).

(viii)  Alternatively, all of the SIF LLC (Partnership) were shams, the transactions in which each SIF and the members thereof were engaged lacked economic substance, and under §1.701-2, for each SIF's taxable year ending December 23, 1999, each SIF was formed or availed of in connection with a transaction or transactions a principal purpose of which was to reduce substantially the present value of the partners' (i.e. the members of each SIF, or the beneficial owners of those members who may be liable for income taxes) aggregate federal tax liability in a manner that is inconsistent with the intent of subchapter K, Chapter I (subchapter K) of the IRC. It is consequently determined that each SIF is disregarded and that all transactions engaged by each SIF are treated as engaged in directly by the purported partners.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

(ix)    Alternatively, under §1.701-2 of the Treasury Regulations, the Commissioner has determined that to achieve tax results that are consistent with the intent of subchapter K (1) the purported SIF should be disregarded in part, and each SIF's assets and activities should be considered, in part, to be owned and conducted, respectively, by one or more of its purported partners and (2) the claimed tax treatment should otherwise be adjusted or modified. Consequently, the loan (which amount includes the premium) is treated as never having been assumed by the SIF.

(x)    Alternatively, under §1.701-2 of the Treasury Regulations, the Commissioner has determined that to achieve tax results that are consistent with the intent of subchapter K, one or more of the purported partners of SIF LLC (Partnership) should not be treated as partners. Consequently, the partners should be treated as not being partners in SIF LLC (Partnership).

(xi)    Alternatively, under §1.701-2 of the Treasury Regulations, the Commissioner has determined that, to achieve tax results that are consistent with the intent of subchapter K, (1) the methods of accounting used by the SIF or a partner should be adjusted to reflect clearly each SIF's or partners' income and (2) the claimed tax treatment should otherwise be adjusted or modified. Consequently, the claimed increase of the partners' outside basis in SIF LLC (Partnership) resulting from the contribution of cash and/or other property, and the assumption by the SIF of liabilities is disallowed.

(xii)    It is determined that neither SIF nor its purported partners have established the existence of SIF as a partnership as a matter of fact.

(xiii)    Even if the SIF existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the SIF interests of its purported partners. The formation of each SIF, the acquisition of any interest in the purported partnership by the purported partner, the transfer of the purported loan and loan premium to the purported partnership by the purported partner in return for a partnership interest, the purported income, fees and expenses associated with the transactions, the purchase of assets by each SIF, and the distribution of those assets to the purported partners in complete liquidation of each SIF's interests, and the subsequent sale of those assets to generate a loss, generally within 60 days, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes. Accordingly, (1) each SIF and the transactions described above shall be disregarded in full and any purported losses resulting from these transactions are not allowable as deductions, and (2) increases in basis of assets are not allowed to eliminate gain, and (3) increases to the adjusted basis of partnership interests to circumvent the loss limitation of §704(d) are not allowed for federal income tax purposes.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |
| | | |

D. Alternatively, you have failed to establish that your losses meet the requirements of the IRC, including, but not limited to, IRC §§ 165 and 465.

The following items were treated as reductions to your basis in assets distributed to you by each SIF. Since these expenses did not meet the requirements for a deduction under the IRC including, but not limited to, the requirements under IRC §§ 162, 164, 165, 183, 212, or any other IRC section, they are not allowed as additional miscellaneous itemized deductions.

All partnership items of the taxpayer's shall be treated as nonpartnership items under Treas. Reg. § 301.6231(c)-4.

| Form 886A | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

**1.g. Other Income - Distributions from Norwood Holding, Inc.**

|  | 1999 |
|---|---|
| Per Return | 0.00 |
| Per Audit | $2,275,000.00 |
| Adjustment | $ 2,275,000.00 |

It is determined that you have unreported income from a distribution from Norwood Holdings, Inc. We determined the amount of this income from analysis of bank records of BT Alex. Brown account. On or about May 26, 1999, $25,000.00 and on or about May 27, 1999, $2,250,000.00 were received from Norwood Holdings, Inc. and deposit into this account. Accordingly, we increase Adjusted Gross Income (AGI), taxable income in the amount of $2,275,000.00 for the tax year ended December 31, 1999.

**17. Penalties/Code Sections**
    **b. Fraud IRC-6663**

|  | 1999 |
|---|---|
| Per Audit | $5,150,739.75 |

All or part of the underpayment of tax required to be shown on the return is due to fraud.

The Taxpayer was convicted of criminal fraud under I.R.C. § 7201 with respect to his own return, Form 1040, for the 1999 year.

A penalty equal to seventy-five (75) percent of the portion of the underpayment attributable to fraud has been imposed under section 6663 of the Internal Revenue Code. An evasion conviction under I.R.C. § 7201 establishes civil fraud in the same tax year. Williams v. Commissioner, T.C. 2009-81. See attached computational schedule.

**Alternative Penalty:**
If fraud is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you were negligent (or disregarded rules and regulations) and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to negligence (or disregard of rules or regulations).

**Alternative Penalty:**
If negligence is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you had an underpayment attributable to substantial understatement of income tax and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to the substantial understatement of income tax.

| Form 886A | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |
| | | |

ATTACHMENT:

List of 93 Strategic Investment Funds:

|     |                                                  |
|-----|--------------------------------------------------|
| 1   | Alvestone Strategic Investment Fund, LLC         |
| 2   | Antero Strategic Investment Fund, LLC            |
| 3   | Augusta Strategic Investment Fund, LLC           |
| 4   | Bear Strategic Investment Fund, LLC              |
| 5   | Blackburn Strategic Investment Fund, LLC         |
| 6   | Bona Strategic Investment Fund, LLC              |
| 7   | Bross Strategic Investment Fund, LLC             |
| 8   | Cameron Strategic Investment Fund, LLC           |
| 9   | Capitol Strategic Investment Fund, LLC           |
| 10  | Castle Strategic Investment Fund, LLC            |
| 11  | Churchill Strategic Investment Fund, LLC         |
| 12  | Columbia Strategic Investment Fund, LLC          |
| 13  | Crestone Strategic Investment Fund, LLC          |
| 14  | Democrat Strategic Investment Fund, LLC          |
| 15  | Diablo Strategic Investment Fund, LLC            |
| 16  | Elbert Strategic Investment Fund, LLC            |
| 17  | Ellingwood Strategic Investment Fund, LLC        |
| 18  | Fairweather Strategic Investment Fund, LLC       |
| 19  | Foraker Strategic Investment Fund, LLC           |
| 20  | Granite Chief Strategic Investment Fund, LLC     |
| 21  | Grays Strategic Investment Fund, LLC             |
| 22  | Handies Strategic Investment Fund, LLC           |
| 23  | Harvard Strategic Investment Fund, LLC           |
| 24  | Hubbard Strategic Investment Fund, LLC           |
| 25  | Humboldt Strategic Investment Fund, LLC          |
| 26  | Kit Carson Strategic Investment Fund, LLC        |
| 27  | Langley Strategic Investment Fund, LLC           |
| 28  | Liberty Cap Strategic Investment Fund, LLC       |
| 29  | Lincoln Strategic Investment Fund, LLC           |
| 30  | Lindsey Strategic Investment Fund, LLC           |
| 31  | Little Bear Strategic Investment Fund, LLC       |
| 32  | Longs Strategic Investment Fund, LLC             |
| 33  | Maroon Strategic Investment Fund, LLC            |
| 34  | Massive Strategic Investment Fund, LLC           |
| 35  | McKinley Strategic Investment Fund, LLC          |
| 36  | Missouri Strategic Investment Fund, LLC          |
| 37  | Muir Strategic Investment Fund, LLC              |
| 38  | North Maroon Strategic Investment Fund, LLC      |
| 39  | Oxford Strategic Investment Fund, LLC            |
| 40  | Pikes Strategic Investment Fund, LLC             |
| 41  | Point Strategic Investment Fund, LLC             |
| 42  | Quandary Strategic Investment Fund, LLC          |

Form   **886-A**(Rev.4-68) **Department of the Treasury - Internal Revenue Service**

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |

| | |
|---|---|
| 43 | Rainier Strategic Investment Fund, LLC |
| 44 | Redcloud Strategic Investment Fund, LLC |
| 45 | Russell Strategic Investment Fund, LLC |
| 46 | San Luis Strategic Investment Fund, LLC |
| 47 | Shavano Strategic Investment Fund, LLC |
| 48 | Sherman Strategic Investment Fund, LLC |
| 49 | Snowmass Strategic Investment Fund, LLC |
| 50 | Split Strategic Investment Fund, LLC |
| 51 | St Elias Strategic Investment Fund, LLC |
| 52 | Sunlight Strategic Investment Fund, LLC |
| 53 | Sunshine Strategic Investment Fund, LLC |
| 54 | Thunderbolt Strategic Investment Fund, LLC |
| 55 | Torreys Vancouver Strategic Investment Fund, LLC |
| 56 | Wetterhorn Strategic Investment Fund, LLC |
| 57 | White Strategic Investment Fund, LLC |
| 58 | Whitney Strategic Investment Fund, LLC |
| 59 | Williamson Strategic Investment Fund, LLC |
| 60 | Wilson Strategic Investment Fund, LLC |
| 61 | Windom Strategic Investment Fund, LLC |
| 62 | Wrangell Strategic Investment Fund, LLC |
| 63 | Yale Strategic Investment Fund, LLC |
| 64 | Belford Strategic Investment Fund, LLC |
| 65 | Princeton Strategic Investment Fund, LLC |
| 66 | Sanford Strategic Investment Fund, LLC |
| 67 | Shasta Strategic Investment Fund, LLC |
| 68 | Sill Strategic Investment Fund, LLC |
| 69 | Adams Strategic Investment Fund, LLC |
| 70 | Appalachian Strategic Investment Fund, LLC |
| 71 | Arvon Strategic Investment Fund, LLC |
| 72 | Barker Strategic Investment Fund, LLC |
| 73 | Boyce Strategic Investment Fund, LLC |
| 74 | Edinburgh Strategic Investment Fund, LLC |
| 75 | Everest Strategic Investment Fund, LLC |
| 76 | Frissell Strategic Investment Fund, LLC |
| 77 | Fuji Strategic Investment Fund, LLC |
| 78 | Hood Strategic Investment Fund, LLC |
| 79 | Jefferson Strategic Investment Fund, LLC |
| 80 | Lafayette Strategic Investment Fund, LLC |
| 81 | Logan Strategic Investment Fund, LLC |
| 82 | Madison Strategic Investment Fund, LLC |
| 83 | Matterhorn Strategic Investment Fund, LLC |
| 84 | Mitchell Strategic Investment Fund, LLC |
| 85 | Moornapa Strategic Investment Fund, LLC |
| 86 | Oberlin Strategic Investment Fund, LLC |
| 87 | Ossa Strategic Investment Fund, LLC |
| 88 | Rocky Strategic Investment Fund, LLC |

Form   886-A(Rev.4-68) Department of the Treasury - Internal Revenue Service

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 1999** |
| | | |

89    Sierra Madre Strategic Investment Fund, LLC
90    Washington Strategic Investment Fund, LLC
91    Olympus Strategic Investment Fund, LLC
92    Kinabalu Strategic Investment Fund, LLC
93    Klamath Strategic Investment Fund, LLC

| Form 886A | Department of the Treasury - Internal Revenue Service<br># Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2000** |

### 1.d. Capital Gain or Loss

|  | 2000 |
|---|---|
| Per Return | ($3,000.00) |
| Per Audit | $2,111,443.00 |
| Adjustment | $2,114,443.00 |

| | | | |
|---|---|---|---|
| Morgan Stanley Muni Inc Trust | 10,705 | 10,705 | 0 |
| Net ST Capital Gain/(Loss) - Sch. K-1's | 23,688 | 23,688 | |
| A. JL Investment Trust - ST Loss Carryover | (1,217,037) | 0 | 1,217,037 |
| | | | |
| Sale of Home | 268,177 | 268,177 | 0 |
| Section 121 Exclusion | (250,000) | (250,000) | |
| Net LT Capital Gain/(Loss) - Sch. K-1's | 2,037,460 | 2,037,460 | |
| Capital Gain Distribution | 21,413 | 21,413 | |
| B. JL Capital Trust - LT Loss Carryover | (1,506,892) | 0 | 1,506,892 |

A. A statutory adjustment is required since it has been determined that the short term loss carryover was $0.00.  This is based upon the results of a examination of your 1998 tax return which resulted in your short term loss carryover being reduced to $0.00.   See 1998 Adjustment to income 1.d. Capital Gain or Loss explanation.

B. A statutory adjustment is required since it has been determined that the long- term loss carryover was $0.00.   This is based upon the results of a examination of your 1999 tax return which resulted in your long term loss carryover being reduced to $0.00.  See 1999 Adjustment to income 1.d. Capital Gain or Loss explanation.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2000** |

### 1.e. Itemized Deductions

|  | 2000 |
|---|---|
| Per Return | $287,008.00 |
| Per Audit | $180,871.00 |
| Adjustment | $106,137.00 |

A statutory adjustment is being made to reduce your itemized deductions due to the increase in AGI for 2000.

### 1.f. Sch E Partnership "SIF" Flow-thru

|  | 2000 |
|---|---|
| Per Return | $0.00 |
| Per Audit | $683,016.00 |
| Adjustment | $683,016.00 |

We adjusted your return to include your distributive share of ordinary income from Presidio Resources LLC, a partnership in which you are a partner.

See explanation for Adjustments to Income 1.f. Sch E Partnership "SIF" Flow-thru for 1999.

### 1. h. S Corporation Flow-Thru Income-Income From Morley, Inc.

|  | 2000 |
|---|---|
| Per Return | $0.00 |
| Per Audit | $4,265,220.00 |
| Adjustment | $4,265,220.00 |

During the period ending 12/31/2000, Morley, Inc., a Subchapter S corporation in which you held at least a 31.66% interest, reported Ordinary Income. You claim that your stock in Morley, Inc., was issued in connection with the performance of services within the meaning of Treas. Reg. § 1.83-3(b) and that the stock was allegedly subject to substantial restrictions. As a result, your shares were not treated as outstanding stock in accordance with Treas. Reg. § 1.1361-1(b)(3) and you failed to recognize your Distributive Share of Ordinary Income for the period ending 12/31/2000.

Your Distributive Share of Ordinary Income has been increased based upon the following:

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2000** |

The purported restrictions upon the stock were unnecessary and were not respected by the parties and therefore no deferral of Distributive Share is allowable. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $4,265,220.00 for the period ending 12/31/2000.

Alternatively, in accordance with Treas. Reg. § 1.1361-1(l)(4)(ii), the restrictions on the stock are disregarded because a principal purpose of the purported arrangement was to circumvent the rights to distribution proceeds properly conferred by the outstanding shares of stock. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $4,265,220.00 for the period ending 12/31/2000.

Alternatively, the entire arrangement, including (1) the allocation of income to Presidio Advisory Services LLC, (2) the alleged restrictions upon the stock of Morley, Inc., (3) the issuance of shares to the ESOP, (4) the subsequent removal of the restrictions upon the stock resulting in a deduction from your Distributive Share, was entered into primarily to reduce taxes, was a sham, and accordingly must be disregarded for income tax purposes. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $4,265,220.00 for the period ending 12/31/2000.

**17. Penalty/Code Section**
   **a. Fraud-IRC 6663**

|  | 2000 |
|---|---|
| Per Audit | $1,823,811.75 |

All or part of the underpayment of tax required to be shown on the return is due to fraud.

The taxpayer was convicted of criminal fraud under I.R.C. § 7201 and criminally aiding and abetting criminal fraud under 18 U.S.C. § 2 with respect to others' returns for the 2000 year. The Taxpayer engaged in illegal behavior in the 2000 year. The taxpayer substantially understated his income in the 2000 year, and has a pattern of understating his income. The taxpayer knew that the tax shelters he implemented to avoid taxes were disallowed, and yet continued to claim the losses from those shelters on his 2000 return.

Among the badges of fraud that can be distilled from caselaw are the following: (1) Understatement of income; (2) maintenance of inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealment of income or assets; (6) failure to cooperate with tax authorities; (7) engaging in illegal activities; (8) dealing in cash; (9) failure to make estimated tax payments; and (10) filing false documents. Spies v. United States, 317 U.S. 492, 499-500 (1943); Richardson v. Commissioner, T.C. Memo. 2006-69.

The illegal behavior was his service as essentially a shelter promoters, assisting others to shelter income using tax shelters. The taxpayer's illegal activity is a strong indicia of fraud. A penalty equal to seventy-five (75) percent of the portion of the underpayment attributable to fraud has been imposed under I.R.C. § 6663 of the Internal Revenue Code. See attached computational schedule.

| Form 886A | Department of the Treasury - Internal Revenue Service<br><br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2000** |
| | | |

**Alternative Penalty:**

If fraud is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you were negligent (or disregarded rules and regulations) and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to negligence (or disregard of rules or regulations).

**Alternative Penalty:**

If negligence is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you had an underpayment attributable to substantial understatement of income tax and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to the substantial understatement of income tax.

| Form 886A | Department of the Treasury - Internal Revenue Service | Schedule No. |
|-----------|--------------------------------------------------------|--------------|
| | Explanation of Items | or Exhibit |

| **Name of Taxpayer** | **Year/Period** |
|----------------------|-----------------|
| John M. Larson | **Ended 2001** |

**1.a. Sch. E Octavia Capital Flow-through**

| | **2001** |
|-----------|------------|
| Per Return | $0.00 |
| Per Audit | $6,750.00 |
| Adjustment | $6,750.00 |

We adjusted your return to include your distributive share of partnership ordinary income from Octavia Capital LLC, a partnership in which you are a partner.

Since you did not establish that the business expense shown on your tax return was ordinary and necessary to your business, we have disallowed the amount shown.

All partnership items of the taxpayer's shall be treated as nonpartnership items under Treas. Reg. § 301.6231(c)-4.

**1. b. S Corporation Flow-thru Income- Income From Morley, Inc.**

| | 2001 |
|-----------|----------------|
| Per Return | $0.00 |
| Per Audit | $2,790,737.00 |
| Adjustment | $2,790,737.00 |

During the period ending 12/31/2001, Morley, Inc., a Subchapter S corporation in which you hold at least a 31.66% interest, reported Ordinary Income. You claim that your stock in Morley, Inc., was issued in connection with the performance of services within the meaning of Treas. Reg. § 1.83-3(b) and that the stock was allegedly subject to substantial restrictions. As a result, your shares were not treated as outstanding stock in accordance with Treas. Reg. § 1.1361-1(b)(3) and you failed to recognize your Distributive Share of Ordinary Income for the period ending 12/31/2001.

Your Distributive Share of Ordinary Income has been increased based upon the following:

The purported restrictions upon the stock were unnecessary and were not respected by the parties and therefore no deferral of Distributive Share is allowable. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $2,790,737.00 for the period ending 12/31/2001.

Alternatively, in accordance with Treas. Reg. § 1.1361-1(l)(4)(ii), the restrictions on the stock are disregarded because a principal purpose of the purported arrangement was to circumvent the rights to distribution proceeds properly conferred by the outstanding shares of stock. Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $2,790,737.00 for the period ending 12/31/2001.

Alternatively, the entire arrangement, including (1) the allocation of income to Presidio Advisory Services LLC, (2) the alleged restrictions upon the stock of Morley, Inc., (3) the issuance of shares to the ESOP, (4) the

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2001** |

subsequent removal of the restrictions upon the stock resulting in a deduction from your Distributive Share, was entered into primarily to reduce taxes, was a sham, and accordingly must be disregarded for income tax purposes.  Accordingly, your Distributive Share of Ordinary Income is increased by the amount of $2,790,737.00 for the period ending 12/31/2001.

**1.c.  Capital Gain or Loss**

|  | 2001 |
|---|---|
| Per Return | $564,597.00 |
| Per Audit | $1,163,053.00 |
| Adjustment | $598,456.00 |

A statutory adjustment is required since it has been determined that the short term loss carryover was $0.00 and the long term loss carryover was $0.00.   This is based upon the results of a examination of your 1999 tax return which resulted in your short term loss carryover being reduced to $0.00 and your long term loss carryover being reduced to $0.00.

See Adjustments to Income 1.d. Capital Gain or Loss for 1998.
See Adjustments to Income 1.d. Capital Gain or Loss for 1999 (Prevad).

**1d.  <u>Itemized Deductions</u>**

|  | 2001 |
|---|---|
| Per Return | $686,938.00 |
| Per Audit | $585,059.00 |
| Adjustment | $101,879.00 |

A statutory adjustment is being made to reduce your itemized deductions due to the increase in AGI for 2001.

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>or Exhibit |
|---|---|---|
| **Name of Taxpayer**<br>John M. Larson | | **Year/Period**<br>**Ended 2001** |

**17.Penalty/Code Section**
  **a. Fraud IRC 6663**

2001

Per Audit   $940,008.00

All or part of the underpayment of tax required to be shown on the return is due to fraud. The taxpayer substantially understated his income in the 2001 year, and has a pattern of understating his income. The taxpayer knew that the tax shelters he implemented to avoid taxes were disallowed, and yet continued to claim the losses from those shelters on his 2001 return.

Among the badges of fraud that can be distilled from caselaw are the following: (1) Understatement of income; (2) maintenance of inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealment of income or assets; (6) failure to cooperate with tax authorities; (7) engaging in illegal activities; (8) dealing in cash; (9) failure to make estimated tax payments; and (10) filing false documents. Spies v. United States, 317 U.S. 492, 499-500 (1943); Richardson v. Commissioner, T.C. Memo. 2006-69.

A repeated pattern of underreported income is an indicia of fraud. The taxpayer had knowledge that his claimed deductions and underreported income was disallowed, which is an indicia of fraud.

A penalty equal to seventy-five (75) percent of the portion of the underpayment attributable to fraud has been imposed under section 6663 of the Internal Revenue Code. See attached computational schedule.

**Alternative Penalty:**
If fraud is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you were negligent (or disregarded rules and regulations) and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to negligence (or disregard of rules or regulations).

**Alternative Penalty:**
If negligence is not sustained: You are liable for the accuracy-related penalty under section 6662(a) of the Internal Revenue Code because you had an underpayment attributable to substantial understatement of income tax and you have not shown you had reasonable cause for the underpayment of tax and that you acted in good faith. The penalty is twenty (20) percent of the portion of the underpayment of tax which is attributable to the substantial understatement of income tax.

| Name Of Taxpayer: John M. Larson | | 03/31/2011 |
|---|---|---|
| Identification Number: ▮▮▮▮2112 | Total | 11.30.00 |

## 1998   - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.   7.50% of Adjusted Gross Income | 92,877.00 | 449,468.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 55,985.00 | 55,985.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 0.00 | 0.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 0.00 | 0.00 | 0.00 |
| 9. Contributions | 16,000.00 | 16,000.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 0.00 | 0.00 | 0.00 |
| 12.   2.00% of Adjusted Gross Income | 24,767.00 | 119,858.00 | |
| 13. Excess Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 38,569.00 | 14,397.00 | 24,172.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 71,985.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 0.00 |
| C. Line A less Line B | 71,985.00 |
| D. Multiply the amount on line C by 80% | 57,588.00 |
| E. Adjusted Gross Income from Form 1040 | 5,992,903.00 |
| F. Itemized Deduction Limitation | 124,500.00 |
| G. Line E less Line F | 5,868,403.00 |
| H. Multiply the amount on Line G by 3% | 176,052.00 |
| I.   Enter the smaller of Line D or Line H | 57,588.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 14,397.00 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | -2112 | Total | 11.30.00 |

### 1999   - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.    7.50% of Adjusted Gross Income | 80,713.00 | 1,659,608.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 161,499.00 | 161,499.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 101,726.00 | 101,726.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 101,726.00 | 101,726.00 | 0.00 |
| 9. Contributions | 63,985.00 | 63,985.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 87.00 | 87.00 | 0.00 |
| 12.    2.00% of Adjusted Gross Income | 21,523.00 | 442,562.00 | |
| 13. Excess Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 298,723.00 | 146,823.00 | 151,900.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 327,210.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 101,726.00 |
| C. Line A less Line B | 225,484.00 |
| D. Multiply the amount on line C by 80% | 180,387.00 |
| E. Adjusted Gross Income from Form 1040 | 22,128,112.00 |
| F. Itemized Deduction Limitation | 126,600.00 |
| G. Line E less Line F | 22,001,512.00 |
| H. Multiply the amount on Line G by 3% | 660,045.00 |
| I.   Enter the smaller of Line D or Line H | 180,387.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 146,823.00 |

Name Of Taxpayer:   John M. Larson
Identification Number: ▮▮▮▮2112                          Total

03/31/2011
11.30.00

## 2000 - SCHEDULE A - ITEMIZED DEDUCTIONS

|  | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.   7.50% of Adjusted Gross Income | 353,042.00 | 882,743.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 179,356.00 | 179,356.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 120,000.00 | 120,000.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 120,000.00 | 120,000.00 | 0.00 |
| 9. Contributions | 125,000.00 | 125,000.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 2.00 | 2.00 | 0.00 |
| 12.   2.00% of Adjusted Gross Income | 94,144.00 | 235,398.00 | |
| 13. Excess Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 287,008.00 | 180,871.00 | 106,137.00 |

## ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A.  Total of lines 3, 4, 8, 9, 10, 13, and 14 | 424,356.00 |
| B.  Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 120,000.00 |
| C.  Line A less Line B | 304,356.00 |
| D.  Multiply the amount on line C by 80% | 243,485.00 |
| E.  Adjusted Gross Income from Form 1040 | 11,769,902.00 |
| F.  Itemized Deduction Limitation | 128,950.00 |
| G.  Line E less Line F | 11,640,952.00 |
| H.  Multiply the amount on Line G by 3% | 349,229.00 |
| I.   Enter the smaller of Line D or Line H | 243,485.00 |
| J.  Total Itemized Deductions (entered on line 15 above) | 180,871.00 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | �switch-2112 | Total | 11.30.00 |

### 2001   - SCHEDULE A - ITEMIZED DEDUCTIONS

| | PER RETURN | PER EXAM | ADJUSTMENT |
|---|---|---|---|
| 1. Medical, dental and insurance premiums | 0.00 | 0.00 | 0.00 |
| 2.   7.50% of Adjusted Gross Income | 468,717.00 | 723,413.00 | |
| 3. Net Medical and Dental Expense | 0.00 | 0.00 | 0.00 |
| 4. Taxes | 569,556.00 | 569,556.00 | 0.00 |
| 5. Home Interest Expense | 0.00 | 0.00 | 0.00 |
| 6. Investment Interest | 146,955.00 | 146,955.00 | 0.00 |
| 7. Other Interest Expense | 0.00 | 0.00 | 0.00 |
| 8. Total Interest Expense | 146,955.00 | 146,955.00 | 0.00 |
| 9. Contributions | 153,925.00 | 153,925.00 | 0.00 |
| 10. Casualty and theft Losses | 0.00 | 0.00 | 0.00 |
| 11. Miscellaneous deductions subject to AGI limit | 33,187.00 | 33,187.00 | 0.00 |
| 12.   2.00% of Adjusted Gross Income | 124,991.00 | 192,910.00 | |
| 13. Excess Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 14. Other Miscellaneous deductions | 0.00 | 0.00 | 0.00 |
| 15. Total itemized deductions (Sum of Lines 3, 4, 8, 9,10,13, and 14 less any applicable limitation) | 686,938.00 | 585,059.00 | 101,879.00 |

### ITEMIZED DEDUCTIONS WORKSHEET - PER EXAM

| | |
|---|---|
| A. Total of lines 3, 4, 8, 9, 10, 13, and 14 | 870,436.00 |
| B. Total of lines 3, 6, 10, (plus any gambling losses included on line 14) | 146,955.00 |
| C. Line A less Line B | 723,481.00 |
| D. Multiply the amount on line C by 80% | 578,785.00 |
| E. Adjusted Gross Income from Form 1040 | 9,645,501.00 |
| F. Itemized Deduction Limitation | 132,950.00 |
| G. Line E less Line F | 9,512,551.00 |
| H. Multiply the amount on Line G by 3% | 285,377.00 |
| I.   Enter the smaller of Line D or Line H | 285,377.00 |
| J. Total Itemized Deductions (entered on line 15 above) | 585,059.00 |

| Name of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | 2112 | Total | 11.30.00 |

## 1998 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | 922,064.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 922,064.00 |
| 4. Long-term capital gain or loss | 4,473.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 4,473.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 926,537.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 926,537.00 |
| 10. Capital Gain or Loss - Per Return | 4,473.00 |
| 11. Line 9 less line 10 - Adjustment to Income | 922,064.00 |

### CORRECTED CARRYOVER
| | |
|---|---|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

### COMPUTATION OF ALTERNATE TAX
| | |
|---|---|
| 14. Taxable Income | 5,978,506.00 |
| 15. Smaller of line 6 or line 7 | 4,473.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 4,473.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 922,090.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 26.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 26.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 4,447.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 5,974,059.00 |
| 24. Smaller of line 14 or 25,350.00 | 25,350.00 |
| 25. Smaller of line 23 or line 24 | 25,350.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 5,974,033.00 |
| 27. Larger of line 25 or line 26 | 5,974,033.00 |
| 28. Tax on amount on line 27 | 2,344,150.00 |
| 29. Amount from line 24 | 25,350.00 |
| 30. Amount from line 23 | 5,974,059.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line 31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 4,447.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 4,447.00 |
| 36. Multiply line 35 by 20% | 889.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and 27 | 5,978,506.00 |
| 39. Amount from line 14 | 5,978,506.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 5,978,506.00 |
| 44. Add lines 27, 31, 35, and 41 | 5,978,480.00 |
| 45. Subtract line 44 from line 43 | 26.00 |
| 46. Multiply line 45 by 28% | 7.00 |
| 47. Add lines 28, 32, 36, 42, and 46 - Alternative Tax | 2,345,046.00 |

| | | |
|---|---|---|
| Name of Taxpayer: John M. Larson | | 03/31/2011 |
| Identification Number: ▮-2112 | Total | 11.30.00 |

## 1999 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | 932,494.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 932,494.00 |
| 4. Long-term capital gain or loss | 7,801,372.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 7,801,372.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 8,733,866.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 8,733,866.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line 9 less line 10 - Adjustment to Income | 8,736,866.00 |
| | |
| **CORRECTED CARRYOVER** | |
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |
| | |
| **COMPUTATION OF ALTERNATE TAX** | |
| 14. Taxable Income | 21,981,289.00 |
| 15. Smaller of line 6 or line 7 | 7,801,372.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 7,801,372.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 932,494.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 0.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 0.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 7,801,372.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 14,179,917.00 |
| 24. Smaller of line 14 or 25,750.00 | 25,750.00 |
| 25. Smaller of line 23 or line 24 | 25,750.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 14,179,917.00 |
| 27. Larger of line 25 or line 26 | 14,179,917.00 |
| 28. Tax on amount on line 27 | 5,593,320.00 |
| 29. Amount from line 24 | 25,750.00 |
| 30. Amount from line 23 | 14,179,917.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line 31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 7,801,372.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 7,801,372.00 |
| 36. Multiply line 35 by 20% | 1,560,274.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and 27 | 21,981,289.00 |
| 39. Amount from line 14 | 21,981,289.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 21,981,289.00 |
| 44. Add lines 27, 31, 35, and 41 | 21,981,289.00 |
| 45. Subtract line 44 from line 43 | 0.00 |
| 46. Multiply line 45 by 28% | 0.00 |
| 47. Add lines 28, 32, 36, 42, and 46 - Alternative Tax | 7,153,594.00 |

Name of Taxpayer:   John M. Larson

Identification Number: ████-2112                    Total

03/31/2011

11.30.00

## 2000  - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---:|
| 1. Short-term capital gain or loss | 34,393.00 |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | 34,393.00 |
| 4. Long-term capital gain or loss | 2,077,050.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 2,077,050.00 |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 2,111,443.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 2,111,443.00 |
| 10. Capital Gain or Loss - Per Return | (3,000.00) |
| 11. Line  9 less line 10 - Adjustment to Income | 2,114,443.00 |

### CORRECTED CARRYOVER

| | |
|---|---:|
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |

### COMPUTATION OF ALTERNATE TAX

| | |
|---|---:|
| 14. Taxable Income | 11,589,031.00 |
| 15. Smaller of line 6 or line 7 | 2,077,050.00 |
| 16. Form 4952, line 4e | 0.00 |
| 17. Subtract line 16 from line 15 | 2,077,050.00 |
| 18. Combine line 3 and Total 28% Rate Gain (not less than 0) | 34,393.00 |
| 19. Smaller of line 18 and Total 28% Rate Gain | 0.00 |
| 20. Unrecaptured Section 1250 Gain | 0.00 |
| 21. Add line 19 and 20 | 0.00 |
| 22. Subtract line 21 from line 17 (not less than 0) | 2,077,050.00 |
| 23. Subtract line 22 from line 14 (not less than 0) | 9,511,981.00 |
| 24. Smaller of line 14 or 26,250.00 | 26,250.00 |
| 25. Smaller of line 23 or line 24 | 26,250.00 |
| 26. Subtract line 17 from line 14 (not less than 0) | 9,511,981.00 |
| 27. Larger of line 25 or line 26 | 9,511,981.00 |
| 28. Tax on amount on line 27 | 3,744,415.00 |
| 29. Amount from line 24 | 26,250.00 |
| 30. Amount from line 23 | 9,511,981.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 0.00 |
| 32. Multiply line  31 by 10% | 0.00 |
| 33. Smaller of line 14 or line 22 | 2,077,050.00 |
| 34. Amount from line 31 | 0.00 |
| 35. Subtract line 34 from line 33 (not less than 0) | 2,077,050.00 |
| 36. Multiply line 35 by 20% | 415,410.00 |
| 37. Smaller of line 17 or line 20 | 0.00 |
| 38. Add lines 17 and  27 | 11,589,031.00 |
| 39. Amount from line 14 | 11,589,031.00 |
| 40. Subtract line 39 from line 38 | 0.00 |
| 41. Subtract line 40 from line 37 | 0.00 |
| 42. Multiply line 41 by 25% | 0.00 |
| 43. Amount from line 14 | 11,589,031.00 |
| 44. Add lines 27, 31, 35, and  41 | 11,589,031.00 |
| 45. Subtract line 44 from line 43 | 0.00 |
| 46. Multiply line 45 by 28% | 0.00 |
| 47. Add lines 28, 32, 36, 42, and  46 - Alternative Tax | 4,159,825.00 |

| Name of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | ▮▮-2112 | Total | 11.30.00 |

## 2001 - SCHEDULE D - CAPITAL GAINS AND LOSSES

| | |
|---|---|
| 1. Short-term capital gain or loss | (224,738.00) |
| 2. Short-term capital loss carryover | 0.00 |
| 3. Net Short-term Gain or Loss (Add line 1 and 2) | (224,738.00) |
| | |
| 4. Long-term capital gain or loss | 1,387,791.00 |
| 5. Long-term capital gain or loss carryover | 0.00 |
| 6. Net long-term Gain or Loss (Add line 4 and 5) | 1,387,791.00 |
| | |
| 7. Sum of lines 3 and 6 - Net Capital Gain or Loss | 1,163,053.00 |
| 8. Capital loss limitation | 0.00 |
| 9. Capital Gain or Loss - As Corrected | 1,163,053.00 |
| 10. Capital Gain or Loss - Per Return | 564,597.00 |
| 11. Line 9 less line 10 - Adjustment to Income | 598,456.00 |
| | |
| **CORRECTED CARRYOVER** | |
| 12. Short-term Carryover to Subsequent Year | 0.00 |
| 13. Long-term Carryover to Subsequent Year | 0.00 |
| | |
| **COMPUTATION OF ALTERNATIVE TAX** | |
| | |
| 14. Unrecaptured 1250 gain | 0.00 |
| 15. Taxable Income | 9,060,442.00 |
| 16. Smaller of line 6 or line 7 | 1,163,053.00 |
| 17. Form 4952, line 4e | 0.00 |
| 18. Subtract line 17 from line 16 (not less than 0) | 1,163,053.00 |
| 19. Subtract line 18 from line 15 (not less than 0) | 7,897,389.00 |
| 20. Tax on the amount on line 19 | 3,064,989.00 |
| 21. Smaller of line 15 or | 27,050.00 | 27,050.00 |
| 22. Amount from line 19 | 7,897,389.00 |
| 23. Subtract line 22 from line 21 (not less than 0) | 0.00 |
| 24. Qualified 5-year gain | 0.00 |
| 25. Smaller of line 23 or line 24 | 0.00 |
| 26. Multiply line 25 by 8% | 0.00 |
| 27. Subtract line 25 from line 23 | 0.00 |
| 28. Multiply line 27 by 10% | 0.00 |
| 29. Smaller of line 15 or line 18 | 1,163,053.00 |
| 30. Amount from line 23 | 0.00 |
| 31. Subtract line 30 from line 29 (not less than 0) | 1,163,053.00 |
| 32. Multiply line 31 by 20% | 232,611.00 |
| 33. Alternative Tax, sum of lines 20, 26, 28, and 32 | 3,297,600.00 |

| Total | | |
|---|---|---|
| Taxpayer:   John M. Larson | | Page     of |
| TIN:            2112 | | Tax Period(s):      199812 |

## Accuracy-Related Penalties under IRC 6662

### 20 Percent Penalty – Internal Revenue Code Section 6662(a)

It has been determined that the underpayment of tax shown on line 7 below is attributable to one or more of the following:

    (1)  Negligence or disregard of rules or regulations;
    (2)  Substantial understatement of income tax;
    (3)  Substantial valuation misstatement (overstatement).

Therefore, an addition to tax is imposed as provided by Section 6662(a) of the Internal Revenue Code.

| | |
|---|---:|
| 1.  Total Underpayment | 1,892,369.00 |
| 2.  Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3.  Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4.  Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 5.  Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6.  Less: Allocable prepayment credits | 0.00 |
| 7.  Underpayment to which Section 6662(a) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 1,892,369.00 |
| 8.  Applicable penalty rate | 20.00% |
| 9.  Section 6662(a) accuracy-related penalty (Line 7 times line 8) | 378,473.80 |
| 10.  Less:  Previously assessed/previously agreed Section 6662(a) accuracy-related penalty | 0.00 |
| 11.  Total section 6662(a) accuracy-related penalty (Line 9 less line 10) | 378,473.80 |

### 40 Percent Penalty – Internal Revenue Code Section 6662(h)

It has been determined that the underpayment of tax shown on line 7 below is attributable to a gross valuation misstatement (overstatement).  Therefore, an addition to tax is imposed as provided by Section 6662(h) of the Internal Revenue Code.

| | |
|---|---:|
| 1.  Total Underpayment | 1,892,369.00 |
| 2.  Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3.  Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4.  Less: Underpayment attributable to Section 6662(a) penalty issues | 1,892,369.00 |
| 5.  Less: Underpayment attributable to civil fraud penalty issues | 0.00 |
| 6.  Less: Allocable prepayment credits | 0.00 |
| 7.  Underpayment to which Section 6662(h) applies (Line 1 less the sum of lines 2, 3, 4, 5, and 6) | 0.00 |
| 8.  Applicable penalty rate | 40.00% |
| 9.  Section 6662(h) accuracy-related penalty (Line 7 times line 8) | 0.00 |
| 10.  Less:  Previously assessed/previously agreed Section 6662(h) accuracy-related penalty | 0.00 |
| 11.  Total section 6662(h) accuracy-related penalty (Line 9 less line 10) | 0.00 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
| Identification Number: | 2112 | Total | 11.30.00 |

## 1998  - Adjustments Subject to Accuracy-Related Penalty - IRC 6662

ADJUSTMENTS TO WHICH THE ACCURACY RELATED PENALTY APPLIES:

PENALTY RATES
20%  40%

| | 20% | 40% | | |
|---|---|---|---|---|
| Presidio Advisors LLC Flow-through Ordinary Income | X | | 345,935.00 | IRC 6662(c) |
| Ordinary Dividends | X | | 36,370.00 | IRC 6662(c) |
| Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | X | | 3,450,170.00 | IRC 6662(c) |
| S T Gain/Loss-Prtnrship/S-Corp/Estate/Trust-Sch K1 | X | | 922,064.00 | IRC 6662(c) |

Total

| Taxpayer: | John M. Larson | | Page | of: | |
|---|---|---|---|---|---|
| TIN: | ■■■■-2112 | | Tax Period(s): | | 199912 |

## Civil Fraud Penalties under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 6 below is attributable to fraud.
Therefore, an addition to the tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | | |
|---|---|---|
| 1. | Total Underpayment | 6,867,653.00 |
| 2. | Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. | Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. | Less: Underpayment attributable to Section 6662(a) penalty issues | 0.00 |
| 5. | Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 6. | Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, 4, and 5) | 6,867,653.00 |
| 7. | Applicable penalty rate | 75.00% |
| 8. | Section 6663(a) civil fraud penalty (Line 6 times line 7) | 5,150,739.75 |
| 9. | Less: Previously assessed/previously agreed Section 6663(a) civil fraud penalty | 0.00 |
| 10. | Total Section 6663(a) civil fraud penalty (Line 8 less line 9) | 5,150,739.75 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | 2112 | Total | 11.30.00 |

## CIVIL FRAUD PENALTY (CONTINUED)

### ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

| | |
|---|---|
| Flowthrough capital loss from Trust | 6.00 |
| Sch E Partnership "SIF" Flow-thru | 1,124,749.00 |
| Other Income | 2,275,000.00 |
| Sch D - Long-Term Gain/Loss | 9,308,264.00 |
| Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 8,915,329.00 |
| S T Gain/Loss-Prtnrship/S-Corp/Estate/Trust-Sch K1 | 2,152,525.00 |

TAX  MOTIVATED  ADJUSTMENTS  TO  WHICH  CIVIL  FRAUD  PENALTY  APPLIES:

Total

| | |
|---|---|
| Taxpayer: John M. Larson | Page        of: |
| TIN:          2112 | Tax Period(s):        200012 |

## Civil Fraud Penalties under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 6 below is attributable to fraud.
Therefore, an addition to the tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | | |
|---|---|---:|
| 1. | Total Underpayment | 2,431,749.00 |
| 2. | Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. | Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. | Less: Underpayment attributable to Section 6662(a) penalty issues | 0.00 |
| 5. | Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 6. | Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, 4, and 5) | 2,431,749.00 |
| 7. | Applicable penalty rate | 75.00% |
| 8. | Section 6663(a) civil fraud penalty (Line 6 times line 7) | 1,823,811.75 |
| 9. | Less: Previously assessed/previously agreed Section 6663(a) civil fraud penalty | 0.00 |
| 10. | Total Section 6663(a) civil fraud penalty (Line 8 less line 9) | 1,823,811.75 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | -2112 | Total | 11.30.00 |

## CIVIL FRAUD PENALTY (CONTINUED)

### ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

| | |
|---|---|
| Sch E Partnership "SIF" Flow-thru | 683,016.00 |
| S Corporation Flow-Thru Income | 4,265,220.00 |
| Sch D - Long-Term Capital Loss Carryover | 1,506,892.00 |
| Sch D - Short-Term Capital Loss Carryover | 1,217,037.00 |

TAX  MOTIVATED  ADJUSTMENTS  TO  WHICH  CIVIL  FRAUD  PENALTY  APPLIES:

Total

| Taxpayer: | John M. Larson | Page | of: | |
|---|---|---|---|---|
| TIN: | ▮▮▮-2112 | Tax Period(s): | | 200112 |

## Civil Fraud Penalties under IRC 6663(a)

**Civil Fraud Penalty - Internal Revenue Code Section 6663(a)**

It has been determined that the underpayment of tax shown on line 6 below is attributable to fraud. Therefore, an addition to the tax is imposed as provided by Section 6663(a) of the Internal Revenue Code.

| | | |
|---|---|---:|
| 1. | Total Underpayment | 1,253,344.00 |
| 2. | Less: Underpayment attributable to non-penalty issues | 0.00 |
| 3. | Less: Underpayment attributable to Section 6662A penalty issues | 0.00 |
| 4. | Less: Underpayment attributable to Section 6662(a) penalty issues | 0.00 |
| 5. | Less: Underpayment attributable to Section 6662(h) penalty issues | 0.00 |
| 6. | Underpayment to which Section 6663(a) applies (Line 1 less the sum of lines 2, 3, 4, and 5) | 1,253,344.00 |
| 7. | Applicable penalty rate | 75.00% |
| 8. | Section 6663(a) civil fraud penalty (Line 6 times line 7) | 940,008.00 |
| 9. | Less: Previously assessed/previously agreed Section 6663(a) civil fraud penalty | 0.00 |
| 10. | Total Section 6663(a) civil fraud penalty (Line 8 less line 9) | 940,008.00 |

| Name Of Taxpayer: | John M. Larson | | 03/31/2011 |
|---|---|---|---|
| Identification Number: | 2112 | Total | 11.30.00 |

## CIVIL FRAUD PENALTY (CONTINUED)

### ADJUSTMENTS TO WHICH CIVIL FRAUD PENALTY APPLIES:

| | |
|---|---|
| Sch. E Octavia Capital Flow-through | 6,750.00 |
| S Corporation Flow-Thru Income | 2,790,737.00 |
| Sch D - Short-Term Capital Loss Carryover | 598,456.00 |

TAX  MOTIVATED  ADJUSTMENTS  TO  WHICH  CIVIL  FRAUD  PENALTY  APPLIES: