# EXHIBIT F



Case 3:11-cv-03393-WHA   Document 22-1   Filed
Case 1:05-cr-00888-LAK   Document 1302   Filed

# MANDATE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 11, 2011

09-1702-cr(L), 09-1707-cr(CON), 09-1790-cr(CON)
United States v. Pfaff

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

CASE #: 1:05-cr-00888-LAK-6

### AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1       At a stated term of the United States Court of Appeals
 2  for the Second Circuit, held at the Daniel Patrick Moynihan
 3  United States Courthouse, 500 Pearl Street, in the City of
 4  New York, on the 26th day of October, two thousand ten.
 5
 6  PRESENT: DENNIS JACOBS,
 7                        Chief Judge,
 8           RALPH K. WINTER,
 9           JOSEPH M. McLAUGHLIN,
10                        Circuit Judges.
11
12  - - - - - - - - - - - - - - - - - - - -X
13  United States of America,
14           Appellee,
15
16           -v.-                              09-1702-cr(L)
17                                             09-1707-cr(CON)
18                                             09-1790-cr(CON)
19
20  Robert Pfaff, Raymond J. Ruble, also
21  known as R.J. Ruble, John Larson,
22           Defendants-Appellants.
23  - - - - - - - - - - - - - - - - - - - -X
24
25  FOR APPELLANTS:       ALEXANDRA A.E. SHAPIRO, Marc E.
26                        Isserles, Macht, Shapiro, Arato &
27                        Isserles LLP, New York, NY, David C.
28                        Scheper, Scheper, Kim & Overland
29                        LLP, Los Angeles, CA, for Defendant-
30                        Appellant Robert Pfaff.
```

MANDATE ISSUED ON 12/10/2010

```
                         STUART E. ABRAMS, Frankel & Abrams,
                         New York, NY, Jack S. Hoffinger,
                         Susan Hoffinger, Hoffinger, Stern &
                         Ross, LLP, New York, NY, for
                         Defendant-Appellant Raymond Ruble.

                         J. SCOTT BALLENGER, Lori Alvino
                         McGill, Latham & Watkins LLP (Steven
                         M. Bauer, Margaret A. Tough, San
                         Francisco, CA), Washington, DC, for
                         Defendant-Appellant John Larson.

FOR APPELLEE:            JOHN M. HILLEBRECHT, Margaret
                         Garnett, Justin Anderson, Katherine
                         Polk Failla, Assistant United States
                         Attorneys, of counsel, for Preet
                         Bharara, United States Attorney for
                         the Southern District of New York.
```

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Appellants' convictions and Larson's term of imprisonment be **AFFIRMED**.

Raymond Ruble, Robert Pfaff, and John Larson appeal from judgments of conviction and a sentence entered April 15, April 21, and April 24, 2009, respectively, in the United States District Court for the Southern District of New York (Kaplan, _J._). Appellants were convicted of tax evasion, and sentenced principally to terms of imprisonment and fines. In a separate per curiam opinion filed today, we decide the challenge to Larson's fine, imposed under 18 U.S.C. § 3571(d). We assume the parties' familiarity with the underlying facts and the case's procedural history.

Appellants raise five issues here: [1] whether the jury instructions were flawed; [2] whether the evidence was sufficient to support their convictions; [3] whether the government's case at trial constructively amended the indictment; [4] whether they are entitled to have their indictments dismissed pursuant to United States v. Stein, 541 F.3d 130 (2d Cir. 2008); and [5] whether the district court erred in imposing Larson's sentence. The issues are considered seriatim.

2

[1] We find no error in the district court's jury instructions. "We review jury instructions de novo, and reverse only when the charge, viewed as a whole, constitutes prejudicial error." United States v. Amato, 540 F.3d 153, 164 (2d Cir. 2008). The district court charged the jury that a transaction lacks non-tax economic effect when there is "no reasonable possibility that the transaction would result in a profit." On the facts of this case (where the non-tax economic effect proffered by the defense was the possibility of profit), that was a correct statement of the law. See, e.g., Goldstein v. Commissioner, 364 F.2d 734, 740 (2d Cir. 1966) (disallowing "deduction for [transactions] that can not with reason be said to have purpose, substance, or utility apart from their anticipated tax consequences," in case where taxpayer could have realized a $22,875 profit given favorable market changes (emphasis added)). We have in the past affirmed jury instructions stating a narrower definition. See, e.g., United States v. Atkins, 869 F.2d 135, 140 (2d Cir. 1989) (approving instruction that transaction has no non-tax economic effect if it is "subject to no market risk"). But we have not held that those instructions state the outer limits of the economic substance doctrine. Nor do we find any error in the district court's circumstantial evidence examples, which were, if anything, favorable to the defense.

[2] The evidence was sufficient to support the convictions. When reviewing a conviction for sufficiency of evidentiary support, "the trial evidence is viewed most favorably for the Government" and "all reasonable inferences a jury may have drawn favoring the Government must be credited." United States v. Wexler, 522 F.3d 194, 206-07 (2d Cir. 2008). We affirm "'if any rational trier of fact could have found the essential elements of [the] crime beyond a reasonable doubt.'" Id. at 207 (emphasis omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

There is sufficient evidence that the transaction lacked any non-tax economic effect. Testimony described the chances of profiting from the investments as "basically zero."

Sufficient evidence also supports the jury's finding that the transactions were entirely motivated by tax purposes. Clients testified that the transactions were marketed solely as tax-avoidance schemes, and that, as clients, they had no non-tax business purpose in executing them. Evidently, that is why, at the outset of the

3

purportedly seven-year scheme, a good number of BLIPS clients attempted to limit their commitment to sixty days, even though exiting so early would significantly limit their (already nugatory) chances of profiting on the currency forwards. BLIPS was designed, marketed, and executed as a tax shelter; and the jury was warranted in concluding that all parties knew BLIPS's profit potential to be nothing more than a pretext.

In a challenge to the finding of willfulness, Appellants argue that "economic substance" law was too vague to support their convictions. Citing United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000), Appellants contend that economic substance law was not sufficiently "knowable." But "knowability," except perhaps as probative of a defendant's subjective belief in the lawfulness of his conduct, is only relevant insofar as it bears on constitutional vagueness. Vagueness of the law does not ipso facto negate a jury finding of willfulness. See United States v. Ingredient Tech. Corp., 698 F.2d 88, 97 (2d Cir. 1983). And economic substance law is not unconstitutionally vague: It has been applied in criminal cases before, and (as discussed) is not unsettled in the way Appellants contend. Cf. Pirro, 212 F.3d at 91 (affirming partial dismissal of an indictment insofar as it charged a violation of a purported legal duty the existence of which was an open question).

In addition, sufficient evidence was presented to the jury to support its finding that Ruble either knew or consciously avoided knowing that the taxpayers lacked a non-tax business purpose for engaging in the transaction, and that there was no reasonable possibility that the transaction would yield a profit. As discussed above, Ruble was aware that the investors had no reasonable expectation of a profit unless they remained invested for the long term, and that most of the investors had exited the deals within sixty days. Moreover, the jury was free to infer that Ruble knew that the transaction had no business purpose based on his close relationship with Pfaff and Larson.

Finally, we disagree that Appellants' actions fall outside the ambit of the tax evasion statute, 26 U.S.C. § 7201. Section 7201 provides, in relevant part:

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or

4

>                    the payment thereof shall, in addition to other
>                    penalties provided by law, be guilty of a felony.

The statute's expansive language is not susceptible to a limitation that would exclude Appellants. No case interpreting § 7201 appears to have adopted any limit to its reach; those cases that have considered § 7201's scope have rather expressed it expansively, see, e.g., United States v. Townsend, 31 F.3d 262, 267 (5th Cir. 1994) ("[Section] 7201 is not limited to prosecutions of those who evade taxes that they may owe themselves, but rather it encompasses prosecutions of any person who attempts to evade the tax of anyone."). Appellants involved themselves, with the requisite intent, in a scheme to avoid taxes, and we see no statutory basis for excluding them from liability under § 7201.

[3] Appellants' argument concerning constructive amendment is reviewed de novo. United States v. Rigas, 490 F.3d 208, 225 (2d Cir. 2007). They argue that the government undertook to prove at trial a conspiracy of the Appellants *against* KPMG, rather than the charged conspiracy *with* KPMG. But Appellants were acquitted of conspiracy. Constructive amendment of the conspiracy charge would have warranted vacatur of that charge only; the remainder of the indictment would have stood. See United States v. Milstein, 401 F.3d 53, 64-66 (2d Cir. 2005) (per curiam) (vacating conviction on one count for constructive amendment of indictment with respect to that count, and rejecting argument that the constructive amendment warranted vacatur of convictions on other counts). Because no Appellant was convicted of conspiracy, we would be unable to afford relief even if we were to find error.

[4] The district court found that KPMG would not have paid Pfaff's and Larson's legal fees in this case, and that dismissal under our decision in Stein was therefore unwarranted. We review this finding for clear error. Stein, 541 F.3d at 142, 146. Pfaff and Larson point to a number of facts that they claim demonstrate the clear error of the district court's finding, none persuasive. Most strongly emphasized are three pieces of evidence.

First is a 2004 statement by KPMG then-CEO Gene O'Kelly that "[a]ny present or former members of the firm asked to appear will be represented by competent coun[se]l at the firm's expense." United States v. Stein, 495 F. Supp. 2d 390, 407 (S.D.N.Y. 2007) (first emphasis added). But this

5

statement speaks not at all to what conduct the promise covers, and is therefore of limited independent value. Pfaff and Larson note that some of their indicted conduct occurred while they were at KPMG; but that conduct was minimal relative to the indicted conduct after they left. There is no direct evidence that KPMG considered such a small proportion to be enough, and it was reasonable for the district court to infer in the circumstances that KPMG would not have paid Pfaff's and Larson's fees, given the incentives driving fee payment in the first place, see Stein, 541 F.3d at 144 ("[A] firm may have potent incentives to advance fees, such as the ability to recruit and retain skilled professionals in a profession fraught with legal risk.").

Second, Pfaff and Larson compare their situation to that of Gregg Richie, whose attorney's fees, the district court found, would have been paid by KPMG. However, in contrast to Pfaff and Larson, Ritchie had little involvement with BLIPS after leaving KPMG. Ritchie's relevant conduct post-KPMG appears to constitute only a small part of his involvement with BLIPS, as compared with his role as head of KPMG's CaTs ("Capital Transaction Strategies") group--"[t]he KPMG group focused on designing, marketing, and implementing tax shelters for individual clients."

Finally, Pfaff and Larson point to KPMG's payment of their legal fees in the Perez v. KPMG civil case, which they contend demonstrated KPMG's willingness to pay their legal fees in connection with legal proceedings arising from BLIPS. But the Perez case involved conduct undertaken entirely during Pfaff's and Larson's employment at KPMG, see Notice of Removal at 25-37, Perez v. KPMG, No. 7:03-cv-00026 (S.D. Tex. Jan. 24, 2003); and is therefore distinguishable on the lines discussed.

[5] Larson argues that his term of imprisonment is impermissibly longer than the sentences imposed on other defendants. We review sentencing decisions for "reasonableness," employing "the familiar abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). As Larson contends, the district court relied on the defendants' ages, observing that any lengthy sentence "would be a life sentence without parole for all these men." Since Larson is just 13 months younger than Pfaff, it would have been questionable to rely on this factor alone to justify a sentence disparity. But the district court stated that age was merely one of the factors justifying the

6

```
 1    difference.  The district court properly relied on the fact
 2    that Larson moved assets abroad in order to protect them
 3    from creditors and from the government.  See 18 U.S.C.
 4    § 3661 ("No limitation shall be placed on the information
 5    concerning the background, character, and conduct of a
 6    person convicted of an offense which a court of the United
 7    States may receive and consider for the purpose of imposing
 8    an appropriate sentence.").

 9         In a separate per curiam opinion filed today, we decide
10    the challenge to Larson's fine, imposed under 18 U.S.C.
11    § 3571(d).  Finding no merit in Appellants' remaining
12    arguments, we accordingly AFFIRM Appellants' convictions and
13    Larson's term of imprisonment.

14
15
16                        FOR THE COURT:
17                        CATHERINE O'HAGAN WOLFE, CLERK
18
19
20
21
```

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

**MANDATE**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand and ten.

BEFORE: DENNIS JACOBS,
  *Chief Judge,*
RALPH K. WINTER,
JOSEPH M. MCLAUGHLIN,
  *Circuit Judges.*



UNITED STATES OF AMERICA,

    *Appellee,*

v.

ROBERT PFAFF, RAYMOND J. RUBLE, also known as R. J. Ruble, JOHN LARSON,

    *Defendants-Appellants.*

**JUDGMENT**
Docket Nos. 09-1702-cr (L)
    09-1707-cr (CON)
    09-1790-cr (CON)

The appeal in the above captioned cases from the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED and the cases are REMANDED for further proceedings in accordance with the opinion of this Court.

FOR THE COURT,
Catherine O'Hagan Wolfe,
Clerk



Joy Fallek, Administrative Attorney

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 12/10/2010**

```
09-1702-cr(L), 09-1707-cr(CON), 09-1790-cr(CON)
United States v. Pfaff
```

1   UNITED STATES COURT OF APPEALS

2   FOR THE SECOND CIRCUIT

3   --------

4   August Term, 2009

5   (Argued: May 10, 2010                    Decided: August 27, 2010)

6   Docket Nos. 09-1702-cr(L), 09-1707-cr(CON), 09-1790-cr(CON)

7   ------------------------------------------------------------X
8   UNITED STATES OF AMERICA,
9
10          Appellee,
11
12          - v. -
13
14  ROBERT PFAFF, RAYMOND J. RUBLE, also known as R.J. Ruble, JOHN
15  LARSON,
16
17          Defendants-Appellants.
18  ------------------------------------------------------------X
19
20  Before:    JACOBS, Chief Judge, WINTER and McLAUGHLIN, Circuit
21             Judges.
22
23       Appeal from judgments of conviction and a sentence entered

24  in the United States District Court for the Southern District of

25  New York (Kaplan, J.) following a ten-week jury trial.  In a

26  separate summary order filed today, we AFFIRM the Appellants'

27  convictions as well as Appellant John Larson's term of

28  imprisonment, the only term challenged on appeal.  We write this

29  opinion to address one question: whether the district court

30  plainly erred in imposing a fine, pursuant to 18 U.S.C. §

31  3571(d), based on the court's finding that Larson caused a

32  certain pecuniary loss, when that fine exceeded the maximum fine

CERTIFIED COPY ISSUED ON 08/27/2010

that would have been permitted absent the finding.  We hold that the district court's fine violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and that it constituted plain error.

Therefore, we VACATE and REMAND for the district court to reconsider Larson's fine.

>ALEXANDRA A.E. SHAPIRO, Marc E. Isserles, Macht, Shapiro, Arato & Isserles LLP, New York, NY, David C. Scheper, Scheper Kim & Overland LLP, Los Angeles, CA, for Defendant-Appellant Robert Pfaff.
>
>STUART E. ABRAMS, Frankel & Abrams, New York, NY, Jack S. Hoffinger, Susan Hoffinger, Hoffinger Stern & Ross LLP, New York, NY, for Defendant-Appellant Raymond Ruble.
>
>J. SCOTT BALLENGER, Lori Alvino McGill, Latham & Watkins LLP, Washington, DC (Steven M. Bauer, Margaret A. Tough, San Francisco, CA), for Defendant-Appellant John Larson.
>
>JOHN M. HILLEBRECHT, Margaret Garnett, Justin Anderson, Katherine Polk Failla, Assistant United States Attorneys, of counsel, for Preet Bharara, United States Attorney for the Southern District of New York, for Appellee.

PER CURIAM:

Defendants-Appellants Robert Pfaff, Raymond J. Ruble, and John Larson appeal from judgments of conviction, and Larson from his sentence, entered in the United States District Court for the Southern District of New York (Kaplan, J.).  Following a ten-week jury trial, Appellants were convicted of tax evasion for

Case 3:15-cv-03998-WHA Document 22-1 Filed 07/08/11 Page 12 of 18
Case 1:05-cr-00888-LAK Document 1502-1 Filed 04/11/11 Page 3 of 9

designing, implementing, and marketing fraudulent tax shelters. In a separate summary order filed today, we AFFIRM the Appellants' convictions as well as Larson's term of imprisonment, the only term challenged on appeal. Here, we address a single question: whether the district court plainly erred by fining Larson $6 million, pursuant to 18 U.S.C. § 3571(d), based on the court's finding that Larson caused a pecuniary loss in excess of $100 million, when the maximum fine absent such a finding would have been $3 million, pursuant to 18 U.S.C. § 3571(b)(3). We hold that the district court's fine violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and that it constituted plain error. Therefore, we VACATE and REMAND for the district court to reconsider Larson's fine.

**BACKGROUND**

This case, which has been called "the largest criminal tax case in American history," Stein v. KPMG, LLP, 486 F.3d 753, 756 (2d Cir. 2007), comes before us after a long and tortuous journey, the details of which are for the most part irrelevant to the issue we now address. For a complete recounting of the saga, see generally United States v. Stein, 541 F.3d 130 (2d Cir. 2008), Stein, 486 F.3d 753, United States v. Stein, 495 F. Supp. 2d 390 (S.D.N.Y. 2007), United States v. Stein, 452 F. Supp. 2d 230 (S.D.N.Y. 2006), and United States v. Stein, 435 F. Supp. 2d

330 (S.D.N.Y. 2006). Here, we recite only those facts pertinent to whether the district court plainly erred in fining Larson.

In December 2008, following trial, Larson was convicted of twelve counts of tax evasion under 26 U.S.C. § 7201, stemming from his involvement in the design, implementation, and marketing of fraudulent tax shelters. The jury, however, made no findings regarding the amount of pecuniary loss caused, or gain derived, by Larson through his crimes. On April 1, 2009, the district court conducted a sentencing hearing at which it found that Larson had caused a "gross pecuniary loss [in] exce[ss] [of] $100 million and that the maximum fine therefore exceeds . . . $200 million." The court calculated this maximum pursuant to 18 U.S.C. § 3571(d), which authorizes a district court to impose a fine of not more than twice the gross pecuniary loss caused by, or gain derived from, the defendant's offenses. The district court subsequently fined Larson $6 million and sentenced him to 121 months' imprisonment. Larson did not object at sentencing to the fine amount as violative of Apprendi. He now appeals the fine on precisely this ground.

## DISCUSSION

Where a defendant fails to object to a fine below, we review the fine for plain error. See United States v. Hernandez, 85 F.3d 1023, 1031 (2d Cir. 1996). We may correct such an error only if "(1) there is an error; (2) the error is clear or

4

obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (brackets omitted) (internal quotation marks omitted). "Without a prior decision from this court or the Supreme Court" supporting the defendant's claim of error, the error cannot be "plain." United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001).

Section 3571 of Title 18 of the U.S. Code governs the imposition of criminal fines. Generally, "[a] defendant who has been found guilty of an offense may be sentenced to pay a fine." 18 U.S.C. § 3571(a). Section 3571(b) establishes a maximum for individuals based on the severity of their offense: "for a felony," an individual may be fined "not more than $250,000." Id. § 3571(b)(3). Section 3571(d), however, allows an "[a]lternative fine based on gain or loss":

> If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Id. § 3571(d).

5

1    In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court has clarified that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303 (2004).

Here, the jury found Larson guilty of twelve felony offenses, but made no findings as to the pecuniary gain or loss caused by his conduct. Absent such gain or loss findings, the "statutory maximum" fine Larson could receive was $3 million, that is, $250,000 for each of his twelve convictions per 18 U.S.C. § 3571(b)(3). This amount represents the maximum fine that could be imposed based on "the facts reflected in the jury verdict." Id. Therefore, by fining Larson $6 million under 18 U.S.C. § 3571(d), a fine supported only by the district court's own pecuniary loss finding, the court violated Apprendi. See United States v. Lagrou Distribution Sys., Inc., 466 F.3d 585, 594 (7th Cir. 2006) (holding that a fine in excess of § 3571's "default statutory maximum" based on a pecuniary loss finding by the trial judge contravened Apprendi).

6

1    The Government argues that our decisions in United States v.
2    Reifler, 446 F.3d 65 (2d Cir. 2006), and United States v.
3    Fruchter, 411 F.3d 377 (2d Cir. 2005), mandate that we affirm
4    Larson's fine. We disagree. In those cases, we held that
5    Apprendi is not implicated where district courts order criminal
6    restitution or forfeiture based on court-determined loss or gain
7    amounts. See Reifler, 446 F.3d at 118 (restitution); Fruchter,
8    411 F.3d at 382-83 (forfeiture). Critical to both decisions were
9    our findings that criminal restitution and forfeiture are
10   indeterminate schemes without statutory maximums. See Reifler,
11   446 F.3d at 118 ("[T]he [Mandatory Victims Restitution Act, 18
12   U.S.C. § 3663A] fixes no range of permissible restitutionary
13   amounts and sets no maximum amount of restitution that the court
14   may order[,] . . . [meaning the] principle that jury findings, or
15   admissions by the defendant, establish the 'maximum' authorized
16   punishment has no application . . . ."); Fruchter, 411 F.3d at
17   383 ("A judge cannot exceed his constitutional authority by
18   imposing a punishment beyond the statutory maximum if there is no
19   statutory maximum [as is the case with criminal forfeiture].").
20   This case is distinguishable because the criminal fine
21   scheme, unlike those for restitution and forfeiture, is in fact
22   subject to statutory maximums. See 18 U.S.C. § 3571(b) (setting
23   the default maximum fines for individuals); id. § 3571(c)
24   (setting the default maximum fines for organizations); id. §

7

3571(e) (stating that if a criminal offense provision itself fixes a lower maximum fine than § 3571 and expressly exempts the offense from § 3571's applicability, then the maximum fixed by the offense is controlling). Although § 3571(d) is uncapped like the restitution and forfeiture provisions discussed in our earlier decisions—and is fashioned as an "alternative fine"—the fact remains that, absent a pecuniary gain or loss finding, a district court may not impose a fine greater than that provided for in subsections (b), (c), or (e), whichever is applicable. Therefore, it is the clear implication of Apprendi and Blakely that when a jury does not make a pecuniary gain or loss finding, § 3571's default statutory maximums cap the amount a district court may fine the defendant.

Having determined that the district court erred, we consider whether it was plain error. While we easily conclude that the error "affected the appellant's substantial rights" and "seriously affect[ed] the fairness" of the proceedings, given that Larson received a fine twice as large as was permitted under the circumstances, Marcus, 130 S. Ct. at 2164, it is a somewhat closer question whether the error was "clear or obvious," id. Ultimately, because our conclusions flow ineluctably from Apprendi and Blakely, the error here was sufficiently clear to meet the plain error standard. Cf. Weintraub, 273 F.3d at 152.

| | |
|---|---|
| 1 | **CONCLUSION** |

2     For these reasons, we VACATE Larson's fine and REMAND to the
3 district court for further proceedings not inconsistent with this
4 opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature: Catherine O'Hagan Wolfe]*
*[seal: United States Court of Appeals, Second Circuit]*