# EXHIBIT A

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>600 17th Street<br>Suite 400S<br>Denver, CO  80202-5402 | **Department of the Treasury**<br><br>**Person to Contact:**<br> Jim Hockett<br> Employee ID Number: 000232751<br> Tel:   (720) 956-4483<br> Fax:  (720) 956-4565 |
| Date:  3-16-2011 | **Refer Reply to:**<br> AP:FW:DEN:JWH<br>**In Re:**<br> John M Larson |
| TED H MERRIAM<br>KEVIN PLANEGGER<br>MERRIAM LAW FIRM PC<br>1625 BROADWAY SUITE 770<br>DENVER CO  80202 | **SSN/EIN Number:**<br><br>**Tax Period(s) Ended:**<br> 12/1998 12/1999 12/2000 12/2001 |

Dear Mr. Planegger:

Thank you for talking to me yesterday about this case.  I first want to confirm out meeting which we scheduled for Tuesday, March 22, 2011 at 10:00.  As you probably know, come to Suite 400, South Tower, and then we will go to the Appeals conference room on the 3rd floor together.

We discussed the time frame of the Jeopardy Administrative Appeal.  I continue to think you are correct in that the time frame related to issuance of a SND is independent of this Appeal.  Regardless, although this process is unique and therefore somewhat new to me as well, please consider that IRM 8.7.1.6.3 (5) discusses complete resolution of some jeopardy assessments reviews in as little as 15 days.

Please also consider that although it will be important for me to allow you an appropriate review, we are not required to agree to a correct tax, and in fact, even judicial decisions related to jeopardy assessments have limited or no discovery, <u>Hedrick v. U.S</u>. 702 F. Supp. 280.

With this in mind, I would appreciate it if we can discuss during our meeting the two summary guidelines in detail- is the process reasonable, and is the tax appropriate, both under the circumstances.  If you have additional information for me to consider and can provide this in advance of the meeting, I will appreciate it.

Regarding the assessment process, your protest seems to substantially rely on the fact that there has been disclosure by Mr. Larson of the off-shore account activity.  I have not been able to find litigation that relied solely on a previous disclosure as satisfying this guideline; further, I think the 6861 and 6851 regulations discuss "is or is designing…. "out of the reach of the government."  Please be prepared to discuss specific assets, with appropriate supporting documentation, that are currently within the

reach of the government, other than the New York residence.   Also, numerous litigation discusses that past behavior can be an indication of current intentions.

Regarding the assessment amount, your protest indicates that the issues proposed are essentially timing or related to disallowing losses related to TEFRA entities.  Please consider that from only my very limited explanation of the adjustments, my understanding is that only the JL Capital items have to do with loss adjustments.  Further you indicate that the proposed income adjustments were correctly reported in subsequent years.  I do note that there have been some material AGI amounts reported by Mr. Larson in some subsequent years; however, if you can help me understand how the income adjustments from Morley, Norwood, etc. were reported in subsequent years, this would be helpful to my decision.   Also, if a timing aspect is an appropriate consideration of the jeopardy, please provide the support for this.   If more appropriate, I can ask Compliance for further information as I do not have a record that they responded to your protest.

I look forward to discussing this case with you next Tuesday.  Again, if you can provide further helpful information prior to our meeting, I would appreciate this.

Thank you for your cooperation.

                                                Sincerely,

                                                Jim Hockett
                                                Appeals Officer